FILED
IN CLERKS OFFICE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
2005 JAN 20 ' A II: 16

U.S. DISTRICT COURT
DISTRICT OF MASS.

---

VINCENT FAGAN and ANTHONY
GIANASCA, Individually and as Putative
Class Representatives,

        Plaintiffs,

    v.

HONEYWELL INTERNATIONAL INC.,

        Defendant.

---

Civil Action No. 10119 DPW

## ANSWER OF DEFENDANT HONEYWELL INTERNATIONAL INC.

Defendant Honeywell International Inc. ("Honeywell"), by and through its undersigned counsel, answers Vincent Fagan and Anthony Gianasca's ("Plaintiffs") Complaint in the above-referenced action as follows:

1.    Denies the allegations of Paragraph 1 of the Complaint, except admits that Plaintiffs purport to bring this action pursuant to Section 9(1) of the Massachusetts Consumer Protection Act, M.G.L. c. 93A, §9(1).

2.    Denies the allegations of Paragraph 2 of the Complaint.

3.    Denies the allegations of Paragraph 3 of the Complaint.

4.    Denies the allegations of Paragraph 4 on the Complaint, except admits that Plaintiffs purport to disclaim any damages in excess of $75,000.

5.    Denies the allegations of Paragraph 5 of the Complaint.

6.     Denies the allegations of Paragraph 6 of the Complaint, except admits that Plaintiffs purport to be residents of the Commonwealth of Massachusetts.

7.     Denies the allegations of Paragraph 7 of the Complaint, except admits that Honeywell is incorporated in the State of Delaware and is headquartered in Morris Township, New Jersey.

8.     Denies the allegations of Paragraph 8 of the Complaint, except admits that Honeywell manufactures thermostats, among other products.

9.     Denies the allegations of Paragraph 9 of the Complaint.

10.    Denies the allegations of Paragraph 10 of the Complaint, except admits that Plaintiffs purport to define the term Defendant for purposes of the Complaint.

11.    Denies the allegations of Paragraph 11 of the Complaint.

12.    Denies the allegations of Paragraph 12 of the Complaint.

13.    Denies the allegations of Paragraph 13 of the Complaint.

14.    Denies the allegations of Paragraph 14 of the Complaint, except: (a) admits that Plaintiffs purport to assert claims on behalf of an alleged class; and (b) avers that this action may not be maintained as a class action on behalf of the purported class or otherwise.

15.    Denies the allegations of Paragraph 15 of the Complaint, including all subparts, and avers that this action may not be maintained as a class action on behalf of the purported class or otherwise.

16.    Denies the allegations of Paragraph 16 of the Complaint, and avers that this action may not be maintained as a class action on behalf of the purported class or otherwise.

17.    Denies the allegations of Paragraph 17 of the Complaint, and avers that this action may not be maintained as a class action on behalf of the purported class or otherwise.

18.    Denies the allegations of Paragraph 18 of the Complaint, and avers that this action may not be maintained as a class action on behalf of the purported class or otherwise.

19.    Denies the allegations of Paragraph 19 of the Complaint, and avers that this action may not be maintained as a class action on behalf of the purported class or otherwise.

20.    Denies the allegations of Paragraph 20 of the Complaint, and avers that this action may not be maintained as a class action on behalf of the purported class or otherwise.

21.    Denies the allegations of Paragraph 21 of the Complaint, and avers that this action may not be maintained as a class action on behalf of the purported class or otherwise.

22.    Denies the allegations of Paragraph 22 of the Complaint, and avers that this action may not be maintained as a class action on behalf of the purported class or otherwise.

23.    Denies the allegations of Paragraph 23 of the Complaint, and avers that this action may not be maintained as a class action on behalf of the purported class or otherwise.

24.    Denies the allegations of Paragraph 24 of the Complaint, except admits that Honeywell annually sells thousands of thermostats bearing the Honeywell Round Design.

25.    Denies the allegations of Paragraph 25 of the Complaint, except admits that Honeywell annually sells thousands of thermostats bearing the Honeywell Round Design.

26.    Admits the allegations of Paragraph 26 of the Complaint.

27.    Denies the allegations of Paragraph 27 of the Complaint, except admits that Honeywell and its predecessors have marketed and sold a line of thermostats each featuring a distinctive round cover (the "Honeywell Round Design") since at least as early as 1952.

28.    Denies the allegations of Paragraph 28 of the Complaint, and respectfully refers the Court to the quoted document for a complete and accurate description of its contents.

29.    Denies the allegations of Paragraph 29 of the Complaint.

30.     Denies the allegations of Paragraph 30 of the Complaint.

31.     Denies the allegations of Paragraph 31 of the Complaint.

32.     Denies the allegations of Paragraph 32 of the Complaint, and respectfully refers the Court to the quoted document for a complete and accurate description of its contents.

33.     Denies the allegations of Paragraph 33 of the Complaint.

34.     Denies the allegations of Paragraph 34 of the Complaint.

35.     Denies the allegations of Paragraph 35 of the Complaint.

36.     Denies the allegations of Paragraph 36 of the Complaint, and respectfully refers the Court to the quoted document for a complete and accurate description of its contents.

37.     Denies the allegations of Paragraph 37 of the Complaint, and respectfully refers the Court to the quoted document for a complete and accurate description of its contents.

38.     Denies the allegations of Paragraph 38 of the Complaint, and respectfully refers the Court to the cited document for a complete and accurate description of its contents.

39.     Denies the allegations of Paragraph 39 of the Complaint.

40.     Denies the allegations of Paragraph 40 of the Complaint.

41.     Denies the allegations of Paragraph 41 of the Complaint.

42.     Denies the allegations of Paragraph 42 of the Complaint, except admits that consumers have purchased millions of thermostats bearing the Honeywell Round Design since 1952.

43.     Denies the allegations of Paragraph 43 of the Complaint, except admits that annual sales of Honeywell Round Design thermostats total several million dollars.

44.     Denies the allegation of Paragraph 44, except admits that Honeywell has spent funds advertising and promoting its thermostats featuring the distinctive appearance of the Honeywell Round Design.

45.     Denies the allegations of Paragraph 45 of the Complaint.

46.     Denies the allegations of Paragraph 46 of the Complaint, except admits that Honeywell and its predecessors have marketed and sold a line of thermostats each featuring a distinctive round cover (the "Honeywell Round Design") since at least as early as 1952.

47.     Denies the allegations of Paragraph 47 of the Complaint.

48.     Denies the allegations of Paragraph 48 of the Complaint.

49.     Denies the allegations of Paragraph 49 of the Complaint.

50.     Denies the allegations of Paragraph 50 of the Complaint.

51.     Denies the allegations of Paragraph 51 of the Complaint.

52.     Denies the allegations of Paragraph 52 of the Complaint, and respectfully refers the Court to the quoted document for a complete and accurate description of its contents.

53.     Denies the allegations of Paragraph 53 of the Complaint.

54.     Denies the allegations of Paragraph 54 of the Complaint, and respectfully refers the Court to (a) the opinions of the United States District Court for the Southern District of Indiana, Indianapolis Division, in the case of Eco Manufacturing LLC v. Honeywell International Inc., Civil No. 1:03-cv-0170, for a complete and accurate description of their contents; and (b) the opinions of the United States Court of Appeals for the Seventh Circuit in the case of Eco Manufacturing LLC v. Honeywell International Inc., No. 03-2704, for a complete and accurate description of their contents.

55.     Denies the allegations of Paragraph 55 of the Complaint.

56.     Denies the allegations of Paragraph 56 of the Complaint.

57.     Denies the allegations of Paragraph 57 of the Complaint.

58.     Avers that Paragraph 58 contains numerous legal conclusions and other non-factual statements that are not susceptible of being admitted or denied.  To the extent a response is required, Honeywell denies the allegations.

59.     Avers that Paragraph 59 contains numerous legal conclusions and other non-factual statements that are not susceptible of being admitted or denied.  To the extent a response is required, Honeywell denies the allegations.

60.     Avers that Paragraph 60 contains numerous legal conclusions and other non-factual statements that are not susceptible of being admitted or denied.  To the extent a response is required, Honeywell denies the allegations.

61.     Denies the allegations of Paragraph 61 of the Complaint.

62.     Avers that Paragraph 62 contains numerous legal conclusions and other non-factual statements that are not susceptible of being admitted or denied.  To the extent a response is required, Honeywell denies the allegations.

63.     Denies the allegations of Paragraph 63 of the Complaint.

64.     Denies the allegations of Paragraph 64 of the Complaint, and respectfully refers the Court to the referenced document for a complete and accurate description of its contents.

65.     Denies the allegations of Paragraph 65 of the Complaint, and respectfully refers the Court to the quoted document for a complete and accurate description of its contents.

66.     Admits the allegations of Paragraph 66 of the Complaint.

67.     Denies the allegations of Paragraph 67 of the Complaint, and respectfully refers the Court to the referenced document for a complete and accurate description of its contents.

68.     Denies the allegations of Paragraph 68 of the Complaint, and respectfully refers the Court to the quoted document for a complete and accurate description of its contents.

69.     Denies the allegations of Paragraph 69 of the Complaint.

70.     Denies the allegations of Paragraph 70 of the Complaint.

71.     Denies the allegations of Paragraph 71 of the Complaint.

72.     Denies the allegations of Paragraph 72 of the Complaint.

73.     Denies the allegations of Paragraph 73 of the Complaint.

74.     Denies the allegations of Paragraph 74 of the Complaint.

75.     Denies the allegations of Paragraph 75 of the Complaint.

76.     Denies the allegations of Paragraph 76 of the Complaint.

77.     Denies the allegations of Paragraph 77 of the Complaint.

78.     Denies the allegations of Paragraph 78 of the Complaint.

79.     Denies the allegations of Paragraph 79 of the Complaint.

80.     Denies the allegations of Paragraph 80 of the Complaint.

81.     Denies the allegations of Paragraph 81 of the Complaint.

82.     Denies the allegations of Paragraph 82 of the Complaint.

83.     Denies the allegations of Paragraph 83 of the Complaint.

84.     Denies the allegations of Paragraph 84 of the Complaint.

85.     Denies the allegations of Paragraph 85 of the Complaint.

86.     Denies the allegations of Paragraph 86 of the Complaint.

87.     Denies the allegations of Paragraph 87 of the Complaint.

88.    Denies the allegations of Paragraph 88 of the Complaint.

89.    Denies the allegations of Paragraph 89 of the Complaint.

90.    Denies the allegations of Paragraph 90 of the Complaint.

91.    Denies the allegations of Paragraph 91 of the Complaint.

92.    Denies the allegations of Paragraph 92 of the Complaint.

93.    Denies the allegations of Paragraph 93 of the Complaint.

94.    Denies the allegations of Paragraph 94 of the Complaint.

95.    Denies the allegations of Paragraph 95 of the Complaint.

96.    Denies the allegations of Paragraph 96 of the Complaint.

97.    Denies the allegations of Paragraph 97 of the Complaint.

98.    Denies the allegations of Paragraph 98 of the Complaint.

99.    Denies the allegations of Paragraph 99 of the Complaint, and respectfully refers the Court to the quoted document for a complete and accurate description of its contents.

100.    Denies the allegations of Paragraph 100 of the Complaint, and respectfully refers the Court to the quoted document for a complete and accurate description of its contents.

101.    Avers that Paragraph 101 contains numerous legal conclusions and other non-factual statements that are not susceptible of being admitted or denied.  To the extent a response is required, Honeywell denies the allegations.

102.    Denies the allegations of Paragraph 102 of the Complaint.

103.    Avers that Paragraph 103 contains numerous legal conclusions and other non-factual statements that are not susceptible of being admitted or denied.  To the extent a response is required, Honeywell denies the allegations.

104.    Denies the allegations of Paragraph 104 of the Complaint.

105.    Denies the allegations of Paragraph 105 of the Complaint.

106.    Denies the allegations of Paragraph 106 of the Complaint.

107.    Denies the allegations of Paragraph 107 of the Complaint.

108.    Denies the allegations of Paragraph 108 of the Complaint, and respectfully refers

the Court to the quoted document for a complete and accurate description of its contents.

109.    Denies the allegations of Paragraph 109 of the Complaint, and respectfully refers

the Court to the quoted document for a complete and accurate description of its contents.

110.    Denies the allegations of Paragraph 110 of the Complaint.

111.    Denies the allegations of Paragraph 111 of the Complaint.

112.    Denies the allegations of Paragraph 112 of the Complaint.

113.    Denies the allegations of Paragraph 113 of the Complaint.

114.    Denies the allegations of Paragraph 114 of the Complaint.

115.    Denies the allegations of Paragraph 115 of the Complaint.

116.    Denies the allegations of Paragraph 116 of the Complaint.

117.    Denies the allegations of Paragraph 117 of the Complaint.

118.    Denies the allegations of Paragraph 118 of the Complaint.

119.    Denies the allegations of Paragraph 119 of the Complaint.

120.    Denies the allegations of Paragraph 120 of the Complaint.

121.    Denies the allegations of Paragraph 121 of the Complaint.

122.    Denies the allegations of Paragraph 122 of the Complaint.

123.    Denies the allegations of Paragraph 123 of the Complaint.

124.    Denies the allegations of Paragraph 124 of the Complaint.

125.    Denies the allegations of Paragraph 125 of the Complaint.

126.   Denies the allegations of Paragraph 126 of the Complaint.

127.   Denies the allegations of Paragraph 127 of the Complaint.

128.   Avers that Paragraph 128 contains numerous legal conclusions and other non-factual statements that are not susceptible of being admitted or denied.  To the extent a response is required, Honeywell denies the allegations.

129.   Avers that Paragraph 129 contains numerous legal conclusions and other non-factual statements that are not susceptible of being admitted or denied.  To the extent a response is required, Honeywell denies the allegations.

130.   Denies the allegations of Paragraph 130 of the Complaint.

131.   Denies the allegations of Paragraph 131 of the Complaint.

132.   Denies the allegations of Paragraph 132 of the Complaint.

133.   Denies the allegations of Paragraph 133 of the Complaint.

134.   Denies the allegations of Paragraph 134 of the Complaint.

135.   Denies the allegations of Paragraph 135 of the Complaint, and respectfully refers the Court to the quoted document for a complete and accurate description of its contents.

136.   Denies the allegations of Paragraph 136 of the Complaint, except admits that in 1990, the PTO issued U.S. Reg. No. 1,622,108 (the "108 Registration") based on a first use in commerce in 1952.

137.   Denies the allegations of Paragraph 137 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning ECO's activities.

138.    Denies the allegations of Paragraph 138 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning ECO's activities.

139.    Denies the allegations of Paragraph 139 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning ECO's activities.

140.    Denies the allegations of Paragraph 140 of the Complaint, and respectfully refers the Court to the quoted document for a complete and accurate description of its contents.

141.    Denies the allegations of Paragraph 141 of the Complaint.

142.    Denies the allegations of Paragraph 142 of the Complaint, except admits that on February 4, 2003, ECO brought a declaratory judgment action against Honeywell in the United States District Court for the Southern District of Indiana, Indianapolis Division, in the case of Eco Manufacturing LLC v. Honeywell International Inc., Civil No. 1:03-cv-0170.

143.    Denies the allegations of Paragraph 143 of the Complaint, except admits that on February 4, 2003, ECO brought a declaratory judgment action against Honeywell in the United States District Court for the Southern District of Indiana, Indianapolis Division, in the case of Eco Manufacturing LLC v. Honeywell International Inc., Civil No. 1:03-cv-0170.

144.    Denies the allegations of Paragraph 144 of the Complaint, except (a) admits that on February 14, 2003, Honeywell filed a motion for preliminary injunction to enjoin ECO from infringing and diluting Honeywell's valuable and distinctive trademark rights in and to the Honeywell Round Design for thermostats and (b) respectfully refers the Court to Honeywell's motion for a complete and accurate description of its contents.

145.    Avers that Paragraph 145 contains numerous legal conclusions and other non-factual statements that are not susceptible of being admitted or denied. To the extent a response is required, Honeywell denies the allegations and respectfully refers the Court to Honeywell's motion for a complete and accurate description of its contents.

146.    Avers that Paragraph 146 contains numerous legal conclusions and other non-factual statements that are not susceptible of being admitted or denied. To the extent a response is required, Honeywell denies the allegations.

147.    Denies the allegations of Paragraph 147 of the Complaint.

148.    Denies the allegations of Paragraph 148 of the Complaint, except (a) admits that the United States District Court for the Southern District of Indiana, Indianapolis Division, in the case of Eco Manufacturing LLC v. Honeywell International Inc., Civil No. 1:03-cv-0170, denied Honeywell's motion for a preliminary injunction, and (b) respectfully refers the Court to the opinions of the United States District Court for the Southern District of Indiana, Indianapolis Division, in the case of Eco Manufacturing LLC v. Honeywell International Inc., Civil No. 1:03-cv-0170, for a complete and accurate description of their contents.

149.    Denies the allegations of Paragraph 149 of the Complaint, and respectfully refers the Court to the opinions of the United States District Court for the Southern District of Indiana, Indianapolis Division, in the case of Eco Manufacturing LLC v. Honeywell International Inc., Civil No. 1:03-cv-0170, for a complete and accurate description of their contents.

150.    Denies the allegations of Paragraph 150 of the Complaint, and respectfully refers the Court to the opinions of the United States District Court for the Southern District of Indiana, Indianapolis Division, in the case of Eco Manufacturing LLC v. Honeywell International Inc., Civil No. 1:03-cv-0170, for a complete and accurate description of their contents.

151. Denies the allegations of Paragraph 151 of the Complaint, and respectfully refers the Court to the opinions of the United States District Court for the Southern District of Indiana, Indianapolis Division, in the case of Eco Manufacturing LLC v. Honeywell International Inc., Civil No. 1:03-cv-0170, for a complete and accurate description of their contents.

152. Denies the allegations of Paragraph 152 of the Complaint, except (a) admits that Honeywell appealed the order by the United States District Court for the Southern District of Indiana, Indianapolis Division, in the case of Eco Manufacturing LLC v. Honeywell International Inc., Civil No. 1:03-cv-0170, denying Honeywell's motion for a preliminary injunction; and (b) admits that the United States Court of Appeals for the Seventh Circuit affirmed the District Court's decision.

153. Denies the allegations of Paragraph 153 of the Complaint.

154. Denies the allegations of Paragraph 154 of the Complaint.

155. Denies the allegations of Paragraph 155 of the Complaint.

156. Denies the allegations of Paragraph 156 of the Complaint.

157. Denies the allegations of Paragraph 157 of the Complaint.

158. Denies the allegations of Paragraph 158 of the Complaint.

159. Denies the allegations of Paragraph 159 of the Complaint.

160. Denies the allegations of Paragraph 160 of the Complaint.

161. Denies the allegations of Paragraph 161 of the Complaint.

162. Denies the allegations of Paragraph 162 of the Complaint.

163. Denies the allegations of Paragraph 163 of the Complaint.

164. Denies the allegations of Paragraph 164 of the Complaint.

165. Denies the allegations of Paragraph 165 of the Complaint.

166.    Denies the allegations of Paragraph 166 of the Complaint.

167.    Denies the allegations of Paragraph 167 of the Complaint.

168.    Denies the allegations of Paragraph 168 of the Complaint.

169.    Denies the allegations of Paragraph 169 of the Complaint.

170.    Denies the allegations of Paragraph 170 of the Complaint.

171.    Denies the allegations of Paragraph 171 of the Complaint.

172.    Denies the allegations of Paragraph 172 of the Complaint.

173.    Denies the allegations of Paragraph 173 of the Complaint.

174.    Denies the allegations of Paragraph 174 of the Complaint.

175.    Denies the allegations of Paragraph 175 of the Complaint.

176.    Denies the allegations of Paragraph 176 of the Complaint.

177.    Denies the allegations of Paragraph 177 of the Complaint.

178.    Denies the allegations of Paragraph 178 of the Complaint.

179.    Denies the allegations of Paragraph 179 of the Complaint.

180.    Denies the allegations of Paragraph 180 of the Complaint.

181.    Denies the allegations of Paragraph 181 of the Complaint.

182.    Denies the allegations of Paragraph 182 of the Complaint.

183.    Incorporates by reference and restates its responses to the allegations contained in

Paragraphs 1 through 182.

184.    Denies the allegations of Paragraph 184 of the Complaint.

185.    Denies the allegations of Paragraph 185 of the Complaint.

186.    Denies the allegations of Paragraph 186 of the Complaint.

187.    Denies the allegations of Paragraph 187 of the Complaint.

188.    Denies the allegations of Paragraph 188 of the Complaint, and specifically denies that Plaintiffs are entitled to any of the relief whatsoever against Honeywell, including monetary recovery and/or injunctive relief.

In answer to the Prayer for Relief, denies each and every allegation in the Prayer, and, further, specifically denies that Plaintiffs are entitled to any of the relief described or to any remedy whatsoever against Honeywell.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action)

1.    The Complaint fails to state a claim or cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

(Standing)

2.    Plaintiffs' claim is barred, in whole or in part, because Plaintiffs lack standing to sue.

### THIRD AFFIRMATIVE DEFENSE

(*Noerr-Pennington*/First Amendment To U.S. Constitution Protected)

3.    Some or all of the alleged anticompetitive actions in the Complaint are protected under the *Noerr-Pennington* doctrine of the First Amendment to the United States Constitution.

## FOURTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

4.    Plaintiffs' claim is barred, in whole or in part, by the applicable statute of limitations.

## FIFTH AFFIRMATIVE DEFENSE

(Laches)

5.    Plaintiffs' claim is barred, in whole or in part, by the equitable doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

(Waiver / Estoppel)

6.    Plaintiffs' claim is barred, in whole or in part, by the doctrines of waiver and estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

(Uncertainty)

7.    Plaintiffs' claim is barred, in whole or in part, because the alleged cause of action is uncertain, ambiguous, and/or unintelligible.

## EIGHTH AFFIRMATIVE DEFENSE

(Injury)

8.    Plaintiffs' claim is barred, in whole or in part, because Plaintiffs have not suffered any legally cognizable injury, including but not limited to, (a) "injury in fact" and/or (b) any injury proximately caused by any conduct of Honeywell.

## NINTH AFFIRMATIVE DEFENSE

(Damages)

9.     Plaintiffs' claim is barred, in whole or in part, because Plaintiffs have not suffered any cognizable damages.

## TENTH AFFIRMATIVE DEFENSE

(Failure To Mitigate)

10.     Plaintiffs' claim is barred, in whole or in part, by Plaintiffs' failure to mitigate their damages.

## ELEVENTH AFFIRMATIVE DEFENSE

(Due Process)

11.     Plaintiffs' claim is barred, in whole or in part, because an award of treble damages or punitive or exemplary damages against Honeywell based on the conduct alleged in the Complaint would violate the due process clauses of the Fifth and Fourteenth Amendments to the Constitution of the United States.

## TWELFTH AFFIRMATIVE DEFENSE

(No Class Certification)

12.     A class is not certifiable is this action because, by way of example only, Plaintiffs' claim is futile, Plaintiffs' claim is not sufficiently typical of those of the purported class, common issues of fact and law do not predominate over individual issues, Plaintiffs and their counsel will not fairly and adequately represent the purported class, Plaintiffs lack the capacity to sue as representatives of the purported class, this Court does not have jurisdiction over one or more members of the purported class, "injury in fact" cannot be proven on a class-

wide basis, damages cannot be proven on a class-wide basis, and a class action is not a superior or manageable method for adjudicating this case.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Justification)

13.     Plaintiffs' claim is barred, in whole or in part, because Honeywell's conduct has been reasonable, based upon independent, legitimate business and economic justifications, without any purpose or intent to injure competition.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Privilege – Own Economic Interests)

14.     Honeywell's actions were taken in the pursuit of its own economic interests, not by wrongful means.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Good Faith Pursuit of Legitimate Business Objectives)

15.     Plaintiffs are barred from recovery because Honeywell's actions were undertaken in good faith, with the absence of malicious intent, and constituted lawful, proper and justified means to accomplish legitimate business objectives.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (No Claim Based on Non-Massachusetts Conduct)

16.     Plaintiffs' claim is barred, in whole or in part, to the extent it is based on alleged acts, conduct, or statements that were undertaken or made outside of Massachusetts.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(No Claim Based on Conduct Specifically Permitted by Law)

17.    Plaintiffs' claim is barred, in whole or in part, to the extent it is based on alleged acts, conduct, or statements that are specifically permitted by law.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(No Liability for Pro-Competitive Conduct)

18.    Plaintiffs' claim is barred because it is not based on exclusionary conduct but rather is based on conduct that has the purpose or effect of promoting, encouraging, or increasing competition.

## NINETEENTH AFFIRMATIVE DEFENSE

(Ultra Vires Conduct)

19.    To the extent any actionable conduct occurred, Plaintiffs' claim against Honeywell is barred to the extent that such conduct was committed by any individual acting ultra vires.

## TWENTIETH AFFIRMATIVE DEFENSE

(No Relevant Market)

20.    Plaintiffs have failed to allege sufficiently or otherwise properly define any market for the purpose of asserting its claims against Honeywell.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

(Failure To Allege Facts Sufficient To Show Consumer Status)

21.    Plaintiffs lack standing to maintain the action, as they have not alleged facts sufficient to show that they are consumers within the meaning of M.G.L. c. 93A, § 9(1).

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Not Direct Purchasers)

22.     Plaintiffs cannot represent those purported class members who have allegedly suffered injuries in relevant markets in which purported class members are not direct purchasers.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Intervening or Superseding Acts of Third Parties)

23.     Plaintiffs' alleged damages, if any, resulted from the acts or omissions of third parties over whom Honeywell had no control. The acts of such third parties constitute intervening or superseding causes of the harm, if any, suffered by Plaintiffs.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Proximate Cause)

24.     Plaintiffs' alleged damages, if any, were caused by their own actions or the actions of persons or entities over which Honeywell had no control, and were not proximately caused by Honeywell.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

25.     Plaintiffs' claim is barred, in whole or in part, by the equitable doctrine of unclean hands.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Offset)

26.     Plaintiffs' claim is barred, in whole or in part, to the extent that any claimed injury or damage has been offset by benefits received with respect to the challenged conduct.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(Failure to State Claim for Injunctive Relief)

27.    Plaintiffs have failed to state a claim for injunction insofar as they seek to enjoin alleged events that have already transpired without the requisite showing of threatened future harm or continuing violation.

## TWENTY-EIGHT AFFIRMATIVE DEFENSE

(No Pass Through)

28.    To the extent there is a finding of an illegal overcharge, Plaintiffs' claim is barred, in whole or in part, to the extent that such overcharge was absorbed, in whole or in part, by more direct purchasers, and was not passed through to the Plaintiffs.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

(No Antitrust Injury)

29.    Plaintiffs' claim is barred, in whole or in part, because they have not suffered antitrust injury or injury to competition.

## THIRTIETH AFFIRMATIVE DEFENSE

(Court Lacks Jurisdiction)

30.    This Court lacks jurisdiction over some or all of the claims asserted by Plaintiffs.

## THIRTIETH-FIRST AFFIRMATIVE DEFENSE

(Court Lacks Personal Jurisdiction)

31.    This Court lacks personal jurisdiction over Honeywell.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

(Due Process)

32.     To the extent Plaintiffs purport to seek relief on behalf of purported class members who have not suffered any damages, the Complaint and each of its claims for relief therein violate Honeywell's rights to due process under the Massachusetts and United States Constitutions.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

(Unconstitutional Multiple Liability)

33.     To the extent Plaintiffs' claim would result in Honeywell paying damages to more than one claimant for the same alleged overcharge, they are barred because such multiple recoveries would violate rights guaranteed to Honeywell by the United States Constitution, including, without limitation, rights guaranteed under the Due Process Clause of the Fourteenth Amendment.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

(No market power)

34.     Plaintiffs have failed to allege or prove that Honeywell possessed or possesses market or monopoly power in any legally cognizable relevant market.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

(Other Defenses Incorporated by Reference)

35.     Honeywell hereby adopts and incorporates by this reference any and all other affirmative defenses asserted or to be asserted by any other Defendants in this proceeding.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

(No Injury Caused by Honeywell)

36.   To the extent any actionable conduct occurred, it occurred by entities independent from and not controlled by Honeywell.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

(Failure to Plead Fraud With Particularity)

37.   Plaintiffs fail to plead fraud with particularity.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

(Failure to Satisfy Statutory Prerequisite)

38.   Plaintiffs fail to satisfy the statutory prerequisite for commencing an action pursuant to M.G.L. c. 93A, § 9 by serving pre-suit demand.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

(Reservation of Rights to Assert Additional Defenses)

39.   Honeywell has not knowingly or intentionally waived any applicable affirmative defenses and reserves the right to assert and rely on such other applicable affirmative defenses as may become available or apparent during discovery proceedings. Honeywell further reserves the right to amend its answer and/or affirmative defenses accordingly and/or to delete affirmative defenses that it determines are not applicable during the course of subsequent discovery. Nothing stated herein constitutes a concession as to whether or not Plaintiffs bear the burden of proof on any issue.

WHEREFORE, Honeywell prays that this Court enter an Order:

1.   That Plaintiffs and the members of the purported class take nothing by this action;

2.   That Plaintiffs' Complaint, and all claims for relief against Honeywell in that

Complaint, be dismissed with prejudice;

3.    That Honeywell be awarded its costs of suit and attorneys' fees;

4.    For such other relief as the Court deems just and proper.

> Respectfully submitted,
> HONEYWELL INTERNATIONAL INC.,
> Defendant,
> By its attorneys,
>
> _____
> William H. Kettlewell (BBO #270320)
> David M. Osborne (BBO #564840)
> DWYER & COLLORA LLP
> 600 Atlantic Avenue
> Boston, Massachusetts 02210
> Telephone: (617) 371-1000
> Facsimile: (617) 371-1037
>
> Richard G. Parker
> Ian Simmons
> Benjamin G. Bradshaw
> O'Melveny & Myers LLP
> 1625 Eye Street, NW
> Washington, D.C. 20006-4001
> Tel.: (202) 383-5300
> Facsimile: (202) 383-5414

Dated:  January 19, 2005

## CERTIFICATE OF SERVICE

I certify that on this ___ day of January, 2005, I caused copies of the foregoing ANSWER

OF HONEYWELL INTERNATIONAL INC. to be served by first-class U.S. Mail, postage

prepaid on:

Robert J. Bonsignore
Robin Brewer
BONSIGNORE AND BREWER
23 Forest Street
Medford, MA 02155
(781) 391-9496

Jill S. Abrams
ABBEY GARDY, LLP
212 East 39th Street
New York, NY 10016
(212) 889-3700

Daniel J. Mogin
THE MOGIN LAW FIRM, P.C.
110 Juniper Street
San Diego, CA 92101-1502
(619) 687-6611

D. Michael Noonan
SHAHEEN & GORDON
P.O. Box 977
140 Washington Street
Dover, NH 03821-0977
(603) 749-5000

_____
David M. Osborne