UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 FEB -4  P 2: 08

U.S. DISTRICT COURT
DISTRICT OF MASS.

VINCENT FAGAN and ANTHONY GIANASCA, )
Individually and as Putative Class Representatives )
)
)
)
Plaintiffs, )   Civil Action No. 05-10119 DPW
)
v. )
)
HONEYWELL INTERNATIONAL INC. )
)
Defendant. )
)

## PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO STAY

### I. INTRODUCTION

This action was filed on November 9, 2004 in the Suffolk Superior Court Department. Defendant Honeywell International Inc. (hereinafter "Honeywell") removed the case and filed a Motion to Stay. Honeywell's Motion to Stay should be denied because removal was improper -- this Court does not have subject matter jurisdiction because no federal causes of action have been pled and no significant questions of federal trademark law are raised. Plaintiff has separately filed a motion to remand this action to Suffolk Superior Court. The mere fact that Honeywell has filed motions with the Judicial Panel on Multidistrict Litigation to transfer this and other actions is not sufficient to justify a stay of *all* proceedings in this action. This court must initially determine whether it has jurisdiction over the action before it can grant any stay.

Honeywell has completely failed to make a showing of any hardship or prejudice, much less the particularized showing of good cause required of a party seeking relief from not only

1

discovery obligations but all proceedings in this action. Having adopted a strategy of removing, without any lawful basis, five pending state actions to federal court, Honeywell, in a transparent attempt to prevent Plaintiffs from having their Motion for Remand heard by this Court, now claims the potential for hardship and prejudice if its broad Motion to Stay is not granted. In other words, Honeywell would like this Court to pass on the seminal issue at hand – whether this Court has jurisdiction over the case. Honeywell cannot explain how it would be prejudiced by having Plaintiffs' motion to remand decided by *this* Court. Moreover, while Honeywell has not shown, and cannot show that it would be prejudiced if a stay is not granted, Plaintiffs will be prejudiced if Defendant's requested stay is ordered. Plaintiffs are entitled to a prompt decision on their Motion to Remand this action to state court. Therefore, Honeywell's Motion to Stay should be denied.

## II. FACTUAL BACKGROUND

On November 9, 2004, Plaintiffs Vincent Fagan and Anthony Gianasca filed a Class Action Complaint (hereinafter "Complaint") in the Suffolk Superior Court on behalf of themselves and a class of all consumers residing in the Commonwealth of Massachusetts who indirectly purchased circular thermostats from Honeywell between June 30, 1986 and the present. (Complaint, ¶ 14; a copy of the Complaint is attached as Exhibit A to the Notice of Removal). As alleged in the Complaint, since at least June 30, 1986, Honeywell has effectively eliminated competition in the circular thermostats markets by using its market power to threaten and coerce rival thermostat manufacturers into not competing in the circular thermostats market. (Complaint ¶¶ 76-77 131-33, 141-53, 162-66). As a direct and proximate result of the unlawful conduct of Honeywell from at least June 30, 1986 through the present, prices of circular

thermostats have been inflated at artificial and non-competitive levels, competition in the sale of circular thermostats has been suppressed, restrained and eliminated, and Plaintiffs and members of the Class have been injured. (Complaint, ¶¶ 78-80, 171-72, 178-82).

On January 19, 2005, Honeywell filed a Notice of Removal to this Court, asserting jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). Plaintiffs have separately filed a Motion to Remand because this Court does not have jurisdiction of this action. There is no federal question jurisdiction over Plaintiffs' claim for violation of the Massachusetts consumer protection statute (G.L. c. 93A). Plaintiffs therefore seek to have the action remanded to the Suffolk Superior Court Department.

### III. ARGUMENT

#### A. The Pendency of The Motion to Transfer Before the MDL Panel Does Not Justify A Stay of This Action

Rule 1.5 of the Judicial Panel of Multidistrict Litigation expressly provides that pretrial proceedings are *not* automatically suspended due to a pendency of an action before the Judicial Panel on Multidistrict Litigation (hereinafter "MDL Panel").[1] If Defendant's argument was accepted, a stay under these circumstances would be virtually automatic, contrary to Rule 1.5. For example, as stated in the *Manual for Complex Litigation Third*, §31.121:

> Once a transfer under § 1407 becomes effective -- when the order granting the transfer is filed in the office of the clerk of the transferee court -- the jurisdiction of the transferor court ceases and the transferee court has exclusive jurisdiction. During the pendency of a motion (or show cause order) for transfer, however, the court in which the action was filed retains jurisdiction over the case. *The transferor court should **not** automatically stay discovery...,postpone rulings on pending motions, or generally suspend further proceedings* upon being notified of the filing of a motion for transfer. *Matters such as motions* to dismiss or *to remand*, raising issues unique to the particular case, *may be resolved before* the

---

[1] *See* 199 F.R.D. 425 (2001).

3

panel acts on the motion to transfer. (emphasis added).

Warnings against the advisability of generalized delays have been issued in this District. In *In re Massachusetts Diet Drug Litigation*, 338 F.Supp.2d 198 (D.Mass. Sept 17, 2004), the defendant moved to stay all proceedings pending transfer to the MDL Panel. Justice O'Toole in denying the motion to stay, held that "it is proper and efficient to rule on the pending motions to remand rather than wait for the JPML to decide whether to transfer the cases to the MDL Court." *Id.* at 201. Justice O'Toole reasoned that the primary issue presented by the motions to remand required consideration of Massachusetts law and the JPML had no superior experience or expertise to a Massachusetts Court on these motions. *Id.*

Similarly, in *Weissman v. Southeast Hotel Properties, Ltd.*, 1992 WL 121080 (S.D.N.Y. 1992), the court refused to delay consideration of defendants' transfer of venue motion pending the MDL Panel's ruling, stating that "[b]ecause the District Court can resolve preliminary matters while the Panel deliberates, such general delays are 'rarely.. advisable'". *Id.* at *6.[2] The MDL Panel itself cautioned against broad stay orders, in *In re Penn Central Securities Lit.*, 333 F.Supp. 382, 384 n. (J.P.M.L. 1971), as follows:

> The Panel's experience indicates that the use of stay orders by the district courts, particularly in the area of discovery, is usually undesirable. Any discovery obtained prior to the Panel's decision will benefit the parties to the action if transfer is denied, and will presumably be made available to all other parties if transfer is ordered.

This principle has been acknowledged in many other decisions. *See e.g., Davis v. Coopers & Lybrand*, 1991 WL 211288 at *1 (N.D. Ill. 1991)("...no reason to delay any discovery that would inevitably have been required in whatever court the action would proceed..."); *In re*

---

[2] The MDL Panel has yet to schedule a hearing on the various motions to transfer and coordinate.

*Master Key Antitrust Litigation*, 320 F.Supp. 1404, 1407 (J.P.M.L. 1971). As these authorities make clear, a stay of proceedings in multidistrict actions pending a decision by the MDL Panel should be, and is, the exception, rather than the rule.

### B.     Defendant Has Failed to Satisfy the Requirements For Obtaining a Stay

Defendant has the burden to make a strong showing justifying its request for a stay. As the Supreme Court stated in *Landis v. North American Co.*, 299 U.S. 248, 255 (1936), cited by Defendant:

> ...the suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else.

Honeywell has not satisfied this burden. It has sought to bolster its argument through sheer weight of numbers by seeking to remove to federal court five individual state action across the country, resulting in a multiplicity of remand motions. However, each of these motions must be resolved on a case by case basis. As this court is presented with Massachusetts state law issues on a regular basis, it is in a better position to address the Massachusetts law issues raised in this action than any potential transferee court. *See In re Massachusetts Diet Drug Litigation*, 338 F.Supp.2d at 201.

In *Aetna U.S. Healthcare, Inc.*, 54 F.Supp.2d 1042 (D.Kan.1999), the defendants moved to stay consideration of plaintiffs' motion for remand and all other issues until their motion to consolidate numerous similar actions was decided by the MDL Panel. However, the court, in denying the motion to stay, reasoned that:

> The Court sees no reason to delay ruling on plaintiffs' motion to remand. The Court retains jurisdiction to decide the remand issue, despite defendants' motion to the JPMDL. See Panel rule 1.5, 181 F.R.D. 1, 3 (1998)....

---

Many months will pass before a transferee court may even be selected.

> While staying the proceedings might allow a single district court to rule on the jurisdictional issue in the various cases, a stay would not affect the law that applies to the present case and little would be gained by a stay of decision on the motion to remand. The parties would still be subject to Kansas law. No great judicial economy will be realized from a delay. .... The Court is well versed in both Kansas and federal law, while the transferor court would need to apply the law of different states to different claims. .... For purposes of judicial economy, the jurisdictional issue should be resolved immediately. If federal jurisdiction does not exist, the case can be remanded before federal resources are further expended. In the Court's view, judicial economy dictates a present ruling on the remand issue.

*Id.* at 1047-48. In the present case, this Court is in a much better position than the transferee court (which has not even been selected by the MDL Panel) to address the issues of Massachusetts state law raised in Plaintiffs' complaint.[3] A resolution of the motion to remand by this Court will serve judicial economy regardless of its decision: if granted, the case will return to state court, without the need for further federal court involvement; if denied, the issue will not need to be addressed by the transferee court.

Finally, Honeywell argues that it *could* suffer a great hardship because discovery and motion practice *could* be overlapping and duplicative. (Def. Mem. at 6).[4] The problem with this

---

[3] *See, e.g., Ciardi v. F. Hoffmann-La Roche, Ltd, et. al,* 2000 WL 159320 (D. Mass., February 7, 2000); *Radlo v. Rhone-Poulenc, S.A.,* 241 F.Supp.2d 61 (D.Mass.,2002)(Massachusetts indirect purchaser actions remanded to state court despite concurrent MDL actions).

[4] To date, no discovery has been served upon Defendant. Even if there were outstanding discovery requests, the party seeking the stay bears the burden to demonstrate "a strong showing of 'good cause'" sufficient to warrant a stay of discovery. *Howard v. Galesi,* 107 F.R.D. 348, 349-50 (S.D.N.Y. 1985). *See also, Gray v. First Winthrop Corp.,* 133 F.R.D. 39, 40 (N.D. Cal. 1990); *Moss v. Hollis,* [1990 Transfer Binder] Fed.Sec.L.Rep. (CCH) ¶95,443, at 97,260 (D.Conn. 1990);

"The burden of proof imposed on the party seeking a stay is a stiff one." *In re Lotus Development Corp. Sec. Litig.,* 875 F.Supp. 48, 51 (D. Mass. 1995); *Digital Equip. Corp. v. Currie Enterprises,* Civ. No. 91-11624-WD, 1992 U.S. Dist. LEXIS 17718, 2 (D.Mass. Feb. 12, 1992) ("a stay [of discovery] is neither automatic or routine"). *See also, Blankenship v. Hearst Corp.,* 519 F.2d 418,

argument is that inconvenience to a defendant, whose conduct has injured consumers in every state across the country, is not a basis for federal jurisdiction.

In order for a stay to be appropriate, the moving party (Defendant) must show that any prejudice to the non-moving party (Plaintiffs) is outweighed by the judicial economy gained and the hardship avoided to the moving party. Defendant has not and cannot meet this test.

The prejudice to Plaintiffs if the stay is issued would be significant. Defendant claims its efforts in seeking an MDL action are aimed at bringing some order to the "rapidly expanding quagmire of litigation." (Def. Mem. at 2) Defendant further claims that Plaintiff only stands to benefit by the MDL procedure in which the litigation would proceed expeditiously, while making the discovery process more efficient. (Def. Mem. at 7). The prejudice inherent in MDL actions was expressed in the opinion in *Meyers v. A.G. Bayer*, 143 F. Supp.2d 1044, 1048 (E.D. Wis. 2001) where the court stated, "(c)oncerns about being haled into distant courts are particularly implicated by the MDL system. Not only is the judge unknown, but the proceeding is all but certain to be even farther from home, and plaintiff's chosen counsel may have little power to shape the course of the litigation." (Citing Earle F. Kyle, IV, The Mechanics of Motion Practice Before the Judicial Panel on Multidistrict Litigation, 175 F.R.D. 589, 590 (1998) ("the Panel can

---

429 (9th Cir. 1979). To justify a stay, a clear showing of a particular and specific need is required. *Gray*, 133 F.R.D. at 40; *In re "Agent Orange" Prod. Liability Litig.*, 104 F.R.D. 559, 571 (E.D.N.Y. 1985), *aff'd* 821 F.2d 139 (2d Cir. 1987), *cert. denied*, 484 U.S. 953 (1987). Conclusory statements and idle speculation are insufficient to satisfy the standard of "good cause." *See, Gray v. First Winthrop, supra*, 133 F.R.D. at 40; *Twin City Fire, supra*, 124 F.R.D. at 653; *Kamp Implement Co., Inc. v. J.I. Case Co.*, 630 F.Supp. 218, 219 (D. Mont. 1986) (cases collected). In attempting to establish good cause, "Defendants cannot rely on some generalized objections, but must show specifically how each interrogatory or request is burdensome and/or overly broad by submitting affidavits or some detailed explanation as to the nature of the claimed burden." *Kutilek v. Gannon*, 132 F.R.D. 296, 300 (D. Kan. 1990)(quoting *White v. Wirtz*, 402 F.2d 145 (10th Cir. 1968)).

7

seize control of your case, thrust you into someone else's litigation halfway across the country, and relegate you to '100th chair' status in an already over-lawyered mass litigation")). In the instant case, if Defendant's stay is granted and its motion to transfer approved, Plaintiffs will be litigating their case, including the remand motion, in a remote forum in a tribunal far less familiar with Massachusetts law than this Court.

Furthermore, issuance of a stay would delay determination of the jurisdictional issue and prejudice Plaintiffs. And while delay is not always prejudicial, delay here contravenes Congressional intent that jurisdictional issues be resolved expeditiously. See, e.g., *Bellorin v. Bridgestone/Firestone, Inc.*, 236 F. Supp.2d 670, 676 W.D. Tex. 2001) ("One of the principles governing the 30-day time limit to file a notice of removal is Congress' intention that the issue of federal jurisdiction be determined in an expeditious manner.") Clearly, Plaintiffs in the instant case *would* be prejudiced if the stay is granted and the transfer allowed to proceed.

In order to overcome the prejudice to Plaintiffs, Defendant must show judicial economy will be gained by granting a stay. Stated above, the interests of judicial economy are best served by resolving the jurisdictional issue first. Defendant grounded its removal action on the idea that Plaintiffs' complaint implicated a substantial question of federal trademark law. However, Defendant's motion for stay acknowledges the decision by the Southern District of Indiana and the 7th Circuit appellate courts in *Eco Mfg. LLC v. Honeywell Int'l Inc.*, 295 F. Supp.2d 854 (S.D. Ind. 2003) and 357 F.3d 649 (7th Cir. 2003) respectively, opining that Defendant's 108 trademark had likely been improperly granted. (Def. Mem. at 3). As detailed in *Conroy v. Fresh Del Monte Produce, Inc.*, 325 F.Supp.2d 1049, 1056 (N.D. Cal. 2004), the court dealt with a similar intellectual property issue and held it was "entirely irrelevant whether Defendants fraudulently

8

obtained (their) patent." "The alleged acts of fraud and misrepresentation do not implicate Defendants' patent rights; they implicate Defendants' actions in conducting business, in competing with other pineapples, thermostats or widgets, "under the facts alleged in the Complaint, Plaintiff would be entitled to relief on each and every one of (its) causes of action without resolution of (intellectual property) law issues." *Id.*

Granting a stay would actually promote judicial *inefficiency*. Admittedly, transferring the cases to an MDL court would allow a single court to rule on the various pending jurisdictional issues. *Id.* at 1054. However, as all of the actions against Defendant are in their infancy, and by complex litigation standards, newborns, it would be far more efficient for the district court to which the state-law cases have been removed to determine the jurisdictional issue rather than require the MDL court to "apply the laws of separate states and separate circuits to each separate plaintiff's jurisdictional claims." *Id.*

Finally, Defendant must show a hardship and inequity if the stay is not granted. Other than a claim that discovery necessary to prove the bulk of Plaintiffs' claim and Defendant's defenses would be overlapping and duplicative, Defendant fails to identify any legitimate hardship or inequity that would result from this Court denying the stay. In the Massachusetts action, no discovery has been propounded on Defendant. If the claims of one or more of the plaintiff's challenging Defendant's conduct rightfully belongs in state court, Defendant cannot claim this result is "hardship" requiring a federal stay of a plaintiff's properly pled state court action. *Wise v. Bayer*, 281 F. Supp.2d 878, 886 (W.D. La. 2003) (declining to grant stay pending transfer to MDL). Assuming that this case is remanded, however, undersigned counsel are willing to coordinate discovery in this litigation with the MDL litigation (if other cases are

coordinated), as is done in virtually every other complex case.

Plaintiffs do not believe that a foreign jurisdiction is a proper forum to determine a case within the Commonwealth brought on behalf of Massachusetts consumers based upon a Massachusetts statute. Because the resolution of the transfer order will not dispose of the case, a Motion to Stay is simply not appropriate. *See Lugo v. Alvarado*, 819 F.2d 5 (1st Cir. 1987).

## IV. CONCLUSION

For all the foregoing analysis of the facts and law in this matter, the Defendant's Motion to Stay should be DENIED.

Dated: February 4, 2005

/s/ Robert Bonsignore
Robert J. Bonsignore, BBO# 547880
BONSIGNORE & BREWER
23 Forest Street
Medford, MA 02155
Tel: (781) 391-9400
Fax: (781) 391-9496

Jill S. Abrams
Stephen T. Roddy
ABBEY GARDY, LLP
212 East 39th Street
New York, New York 10016
Tel: (212) 889-3700
Fax: (212) 684-5191

Dan Mogin, Esq.
THE MOGIN LAW FIRM, P.C.
110 Juniper Street
San Diego, CA 92101
Tel: (619) 687-6611
Fax: (619) 687-6610

D. Michael Noonan,
SHAHEEN & GORDON
140 Washington Street, 2nd Floor
PO Box 977
Dover, NH 03821-0977
Tel: (603) 749-5000
Fax: (603)749-1838

ATTORNEYS FOR PLAINTIFFS

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail on February 4, 2005.

_Robert Bonsignore_
Robert J. Bonsignore