**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

FILED
IN CLERKS OFFICE

2005 FEB -4 P 2: 08

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| VINCENT FAGAN and ANTHONY GIANASCA, Individually and as Putative Class Representatives | ) ) ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| HONEYWELL INTERNATIONAL INC. | ) |
| | ) |
| Defendant. | ) |
| | ) |

Civil Action No. 05-10119 DPW

## PLAINTIFFS' MOTION TO REMAND

Plaintiffs, Vincent Fagan and Anthony Gianasca ("Plaintiffs"), by and through their undersigned counsel of record, move this Court, pursuant to 28 U.S.C., §1447(c), for an order remanding this consumer class action against the defendant, Honeywell International Inc. to the Suffolk Superior Court Department of the Trial Court of the Commonwealth of Massachusetts.

As grounds therefore Plaintiffs state as follows:

1.    This action was initially filed by Plaintiffs in the Suffolk Superior Court Department. On January 19, 2005, Defendant filed a Notice of Removal and removed the action to this Court. This Court lacks subject matter jurisdiction of this case, and removal was therefore improper.

2.    There is no subject matter jurisdiction under 28 U.S.C. §1331 and 28 U.S.C. §1338(a) because Plaintiffs have not raised any claim under the laws of the United States and there is no federal question. The Complaint alleges one count for violation of the Massachusetts

1

Consumer Protection Statute (M.G.L. c.93A).  (Complaint, ¶¶ 183-187).

3.    There is no diversity of jurisdiction under 28 U.S.C. §1332 because the amount in controversy between the Defendants and each individual member of the putative class does not exceed $75,000.  (Complaint, ¶ 4).  First Circuit authority does not recognize aggregation of class members' claims and class members do not have a common and undivided interest in a single title or right.

In support of this Motion, Plaintiffs submit the accompanying Memorandum in Support of Motion to Remand.

WHEREFORE, Plaintiffs respectfully request that this action be remanded to the Suffolk Superior Court Department of the Trial Court of the Commonwealth of Massachusetts.

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2)

The undersigned hereby certifies that counsel for Plaintiffs have conferred with counsel for the Defendant in a good faith attempt to resolve or narrow the issues raised by this Motion without Court intervention, but have been unable to do so.

Dated: February 4, 2005

Robert J. Bonsignore, BBO# 547880
BONSIGNORE & BREWER
23 Forest Street
Medford, MA 02155
Tel:  (781) 391-9400
Fax:  (781) 391-9496

2

D. Michael Noonan
SHAHEEN & GORDON
140 Washington Street, 2nd Floor
PO Box 977
Dover, NH 03821-0977
Tel: (603) 749-5000
Fax: (603)749-1838

Jill S. Abrams
Stephen T. Roddy
ABBEY GARDY, LLP
212 East 39th Street
New York, New York  10016
Tel:  (212) 889-3700
Fax:  (212) 684-5191

Dan Mogin
THE MOGIN LAW FIRM, P.C.
110 Juniper Street
San Diego, CA 92101
Tel:  (619) 687-6611
Fax:  (619) 687-6610

ATTORNEYS FOR PLAINTIFFS


CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail on February 4, 2005.

Robert J. Bonsignore

3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

: 2005 FEB -4 ⌐ 2: 08

U.S. DISTRICT COURT
DISTRICT OF MASS.

---

VINCENT FAGAN and ANTHONY GIANASCA,  )
Individually and as Putative Class Representatives  )
                                                    )
                                                    )
              Plaintiffs,                           )   Civil Action No. 05-10119 DPW
                                                    )
v.                                                  )
                                                    )
HONEYWELL INTERNATIONAL INC.                        )
                                                    )
              Defendant.                            )
_____)

MEMORANDUM IN SUPPORT OF
PLAINTIFFS' MOTION TO REMAND

## I.   INTRODUCTION

Plaintiffs Vincent Fagan and Anthony Gianasca ("Plaintiffs") submit this

memorandum in support of their Motion to Remand this case to the Suffolk Superior Court

Department of the Trial Court of the Commonwealth of Massachusetts, where jurisdiction is

proper.  Defendant Honeywell International Inc. ("Honeywell" or "Defendant") removed

this action on January 19, 2005.[1]

Plaintiffs, Massachusetts consumers who suffered damages as a result of

Defendant's unlawful conduct to monopolize the market for circular thermostats, filed this

class action lawsuit in the Suffolk Superior Court Department, Business Litigation Session.

Plaintiffs seek relief from Defendant for unfair or deceptive acts or practices pursuant to

M.G.L. c. 93A, § 9. (Complaint, Count I).  The Complaint states that the action is

exclusively brought "pursuant to M.G.L. c. 93A and not under sections 4 or 6 of the Clayton

---

[1] An Amended Notice of Removal was filed on January 21, 2005.

Act (15 U.S.C. §§ 15, 26), or section 1 of the Sherman Act (15 U.S.C. § 1) or any other federal statute, regulation, or law." (Complaint, Introduction). Further, "[a]ll claims arise from Defendant's conduct herein defined as unfair methods of competition and unfair and deceptive acts and practices against consumers in the Commonwealth of Massachusetts." (Complaint, ¶ 3). "Named plaintiff's individual damages do not equal or exceeds $75,000" (Complaint, ¶ 4). In addition, the Complaint states, "[a]s a result of the findings of the federal courts, the matter of Honeywell's trademark rights, if any, have been determined such that plaintiff's right to relief does not depend upon resolution of any substantial questions of federal law." (Complaint, ¶ 153).

Honeywell asserts that this Court has federal jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. § 1338(a). (Notice of Removal, ¶ 1). Honeywell avers that this action requires the adjudication of the validity of a federal trademark. (Notice of Removal, ¶ 2).

Contrary to Defendant's contention, as made clear by this Court in *McGonagle v. Nestle Waters North America, Inc.*, No. 03-11370-DPW at *2 (D.Mass. September 30, 2003) (Woodlock, J.)(Copy of Remand Memorandum and Order attached as Exhibit A), mere questions of federal law are not sufficient to confer federal question jurisdiction. Plaintiffs' one count complaint for violation of M.G.L. c. 93A *et seq.* does not rely upon a trademark ruling, and as such, Honeywell cannot satisfy its burden of showing federal question jurisdiction. Therefore, the action should be remanded to the Suffolk Superior Court Department of the Trial Court, Commonwealth of Massachusetts.

## II.    FACTUAL BACKGROUND

On November 9, 2004, Plaintiffs Vincent Fagan and Anthony Gianasca filed a Class Action Complaint ("Complaint") in the Suffolk Superior Court on behalf of

themselves and a class of all consumers residing in the Commonwealth of Massachusetts who indirectly purchased round thermostats from Honeywell between June 30, 1986 and the present. (Complaint, ¶ 14; a copy of the Complaint is attached as Exhibit A to the Notice of Removal). As alleged in the Complaint, since at least June 30, 1986, Honeywell has effectively eliminated competition in the circular thermostat market by using its market power to threaten and coerce rival thermostat manufacturers into not competing in the circular thermostats market. (Complaint ¶¶ 76-77, 131-33, 141-53, & 162-66). As a direct and proximate result of the unlawful conduct of Honeywell from at least June 30, 1986 through the present, prices of circular thermostats have been inflated at artificial and non-competitive levels, competition in the sale of circular thermostats has been suppressed, restrained and eliminated, and Plaintiffs and members of the Class have been injured. (Complaint, ¶¶ 78-80, 171-72, 178-82).

On January 19, 2005, Honeywell filed a Notice of Removal to this Court, asserting jurisdiction under 28 U.S.C. §1331 and 28 U.S.C. § 1338(a) (federal question).

## III.    ARGUMENT

### A.    Defendant Has The Burden Of Proof To Establish Removal Jurisdiction

The general federal remand statute, 28 U.S.C. § 1447(c), provides, in relevant part, that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Therefore, if this Court determines that it does not have subject matter jurisdiction, it *must* remand the case to the Suffolk Superior Court Department of the Trial Court of the Commonwealth of Massachusetts.

Honeywell, having removed this case from state court, has the burden of demonstrating that this Court has subject matter jurisdiction, whether by virtue of federal

3

question jurisdiction, 28 U.S.C. §1331, or diversity jurisdiction, 28 U.S.C. §1332.[2] *Danca v. Private Heath Care Systems, Inc.*, 185 F.3d 1, 4 (1st Cir. 1999); *Ciardi v. F. Hoffmann-La Roche, Ltd., et al.*, 2000 WL 159320 (D. Mass., February 7, 2000); *American Buildings Co. v. Varicon, Inc.*, 616 F. Supp. 641, 643 (D. Mass. 1985); *Crosby v. America Online, Inc.*, 967 F. Supp. 257 (N.D. Ohio 1997); and *Sherwood v. Microsoft Corp.*, 91 F. Supp.2d 1196 (M.D.Tenn. 2000). The removal statutes, 28 U.S.C. §1441 *et seq.*, are to be strictly construed. *Shamrock Oil Corp. v. Sheets*, 313 U.S. 100, 108, 61 S.Ct. 868, 85 L.Ed.2d 1214 (1941). Any doubt as to the existence of federal jurisdiction must be resolved in favor of state court jurisdiction. *Rosack v. Volvo of America Corp.*, 421 F. Supp. 933, 937 (N.D.Cal. 1976), *stay den.*, 429 U.S. 1331 (1976); *Capehar-Creager Enterprises, Inc. v. O'Hara & Kendall Aviation, Inc.*, 543 F. Supp. 259, 262 (W.D.Ark. 1982).

As this Court has recognized on numerous occasions, the exercise of federal jurisdiction, particularly on removal, is not something to undertaken lightly.[3] The First Circuit has observed that federal courts "have a responsibility to police the border of federal jurisdiction." *Spielman v. Genzyme Corp.*, 251 F.3d 1, 4 (1st Cir. 2001). In this case, Honeywell has thoroughly failed to establish the necessary predicates to federal jurisdiction.

---

[2]  This action is not subject to diversity jurisdiction under 28 U.S.C. § 1332, which Honeywell rightfully concedes by not raising as a ground for removal.

[3]  *See Brae Asset Fund, L.P. v. Dion*, 929 F. Supp. 29, 31 (D. Mass. 1996) ("The federal courts are courts of limited jurisdiction. Both Congress and the federal courts have been cautious about expanding those limitations."); *Santiago v. Barre National, Inc.*, 795 F. Supp. 508 (D. Mass. 1992) ("Removal statutes ... are to be strictly construed in order to further principles of judicial economy and comity." *See also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941). When the defendant asserts federal jurisdiction in a removal petition, the defendant bears the burden of demonstrating that removal is proper. *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921); *Danca v. Private Health Care Sys. Inc.*, 185 F.3d 1, 4 (1st Cir. 1999); *Taber Partners I v. Merit*

4

**B.      Remand Is Appropriate When The Action Does Not Involve A Question of Federal Law**

This action does not implicate this Court's jurisdiction under 28 U.S.C. § 1331.

This action does not involve any federal question, as it does not arise under the

Constitution, laws or treaties of the United States. While Plaintiffs have alleged that

Defendant improperly obtained and abused its trademark as part of its monopolization,

Plaintiffs' Complaint does not rely on or refer to any federal law or statute and does not

contain any claim that is based on federal law.

The United States Supreme Court recently reiterated the guiding principles

governing the assertion of removal jurisdiction: A civil action filed in a state court may

be removed to federal court if the claim is one "arising under" federal law. § 1441(b).

"To determine whether the claim arises under federal law, we examine the 'well pleaded'

allegations of the complaint and ignore potential defenses: 'a suit arises under the

Constitution and laws of the United States only when the plaintiff's statement of his own

cause of action shows that it is based upon those laws or that Constitution. It is not

enough that the plaintiff alleges some anticipated defense to his cause of action and

asserts that the defense is invalidated by some provision of the Constitution of the United

States.'" *Beneficial Nat. Bank v. Anderson*, 123 S.Ct. 2058, 2062 (2003) (citations

omitted) (quoting *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152, (1908)).

Thus, a defense that relies on the preclusive effect of a prior federal judgment, or the pre-

emptive effect of a federal statute, will not provide a basis for removal. *Id. See also*

*Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 471 (1998) ("Congress has provided

---

*Builders, Inc.*, 987 F.2d 57, 60 (1st Cir.), *cert. denied*, 510 U.S. 823 (1993).

for removal of cases from state court to federal court when the plaintiffs complaint alleges a claim arising under federal law. Congress has not authorized removal based on a defense or anticipated defense federal in character."); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) ("[I]t is now settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiffs complaint, and even if both parties concede that the federal defense is the only question truly at issue."). As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim. *Beneficial*, *supra*, at 2062, 2063.

Thus, a state claim may be removed to federal court in only two circumstances - when Congress expressly so provides ... or when a federal statute wholly displaces the state-law cause of action through complete preemption. *Id.* at 2063.

### C.    This Court Lacks Subject Matter Jurisdiction Under 28 U.S.C. § 1338(a)

Removal of a claim or cause of action to a federal court is authorized only if the court has jurisdiction over such claim or cause of action under its federal question jurisdiction, 28 U.S.C. § 1331. Pursuant to 28 U.S.C. § 1338(a), the district courts have original, but not exclusive, jurisdiction over civil actions "arising under" Acts of Congress relating to trademark claims.

In *Franchise Tax Board of California v. Constriction Laborers Vacation Trust*, the Supreme Court held:

> A district court's federal question jurisdiction . . . extends over "only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.

*Supra*, 463 U.S. 27-28 (1983).

This Court has no jurisdiction over this claim under § 1338(a). In *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 809 (1998)[4], the Court sets forth the criteria for § 1338(a) jurisdiction, namely that: (1) the claim "arise out of" federal patent, plant variety protection, copyright or trademark law; or (2) necessitate the resolution of a "substantial question" of federal patent, . . ., copyright or trademark law. Further, §1338(a) jurisdiction "focuses on claims, not theories" and just because an element that is essential to a particular theory might be governed by federal [trademark] law does not mean that the entire monopolization claim "arises under [trademark] law." *Id*. at 811. Honeywell does not contest the first prong of the *Christianson* test, nor can it because Plaintiffs' claim is solely for liability under M.G.L. c. 93A.

### D.    Resolution of a Substantial Question of Federal Law is Not Required

Rather, Defendant argues that removal is proper because Plaintiffs' claim involves a significant question of federal trademark law. In Honeywell's view, this Court has jurisdiction over the case under the second prong of the *Christianson* test, i.e. that the claim necessitates resolution of a "substantial question" of federal law. *Christianson*, 486

---

[4]  The facts of *Christianson* are similar to those alleged here and are instructive. Colt was the leading manufacturer of M16 rifles and their parts and accessories, held and developed patents relating to the rifle, and had maintained the secrecy as to specifications essential to the mass production of interchangeable M16 parts. Christianson, a former Colt employee, established a corporation (collectively "petitioners") and began selling M16 parts. Colt filed a patent-infringement lawsuit and notified several of petitioners' current and potential customers that petitioners were illegally misappropriating Colt's trade secrets, and urged them to refrain from doing business with petitioners. Petitioners then brought an antitrust action against Colt in Federal District Court for violations of §§ 1 and 2 of the Sherman Act. The complaint alleged, *inter alia*, that Colt's letters, litigation tactics, and other conduct drove petitioners out of business. Petitioners later amended the complaint to assert a second cause of action under state law for tortuous interference with their business relationships. Colt asserted a defense that its conduct was justified by a need to protect its trade secrets and countersued on a variety of claims

U.S. at 409. While Plaintiffs here, like the petitioners in *Christianson*, have alleged that Honeywell obtained or maintained an illegal monopoly by threatening competitors with litigation based on its wrongfully obtained trademark, Plaintiffs do not cite to or invoke federal statutes, rules or regulations relating to trademark law or any other federal law. Plaintiffs assert only a state law theory of relief for its cause of action.

The federal court lacks subject matter jurisdiction over the claim asserted in the instant case because it was brought on behalf of "indirect purchasers" of the Honeywell circular thermostats. In *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977), the United States Supreme Court determined that indirect purchasers (for example, consumers like Plaintiffs here, who purchased from a retailer rather than the manufacturer) lack standing to sue for damages for violations of the federal antitrust laws. However, the ability of individual states to grant standing to indirect purchasers under their own antitrust laws was recognized in *California v. ARC America*, 490 U.S 93, 106 (1989). There, the Supreme Court ruled that *Illinois Brick* did not preempt state antitrust statutes that permitted recovery by indirect purchasers. In the wake of *Illinois Brick*, the Massachusetts Supreme Judicial Court recognized that indirect purchasers could assert a claim for price-fixing or other anti-competitive conduct as a violation of consumer protection statutes. *See*, *Ciardi v. F. Hoffmann-La Roche, et al.*, 762 N.E.2d 303 (Mass. 2002) (an indirect purchaser action brought pursuant to M.G.L. c. 93A § 9 action against vitamin manufacturers and distributors for conspiring to suppress and eliminate competition by fixing the prices and allocating the volume of the vitamin products).

---

arising out of petitioners' alleged misappropriation of M16 patent specifications.

Defendant cites *Additive Controls Measurement Systems, Inc. v. Furodata, Inc.*, 986 F.2d 476 (Fed. Civ. 1993), to support its argument that Plaintiffs' claim requires resolution of a substantial question of federal law. To the contrary, however, *Additive* supports Plaintiffs' position here. In *Additive*, the Circuit Court found that while federal patent law did not create plaintiff's Texas State law business disparagement claim, such a claim "require[d] plaintiff to prove, as part of its prima facie case, the falsity of defendants allegedly disparaging statements" (footnote omitted) (citation omitted). The *Additive* court contrasted those facts with the facts presented in *American Well Workers Co. v. Layne & Bouter Co.*, 241 U.S. 257 (1916). There, the Supreme Court ruled that the federal court lacked jurisdiction over the business disparagement case before it because Massachusetts law, pursuant to which plaintiff's claim was brought, did *not* require proof of the falsity of defendant's accusations of patent infringement. Instead, Massachusetts law required that the defendant prove the truth of its statements. *Additive Controls, supra*, at 478-479.

The *Additive Controls* court was careful to distinguish between cases in which the plaintiff's claim "depend" upon the resolution of a substantial patent law question (creating federal jurisdiction) and cases in which federal jurisdiction has been denied because "the mere presence of a patent issue does not create jurisdiction under section 1338(a)." *Id.* at 479 (citations omitted). The latter obtains here.

Certainly, the "mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction." *Merrill Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 813. Federal question jurisdiction under 28 U.S.C. 1338(a) requires that "federal patent law creates the cause of action or that the plaintiff's right to

relief necessarily depends on resolution of a substantial question of federal patent law, in

that patent law is a necessary element of one of the well-pleaded claims." *Christianson*,

*supra*, at 800, 808-809. Nor does the presence of a defense arising under patent or

trademark law confer subject matter jurisdiction under §1338(a). *Franchise Tax Board*,

*supra*, at 14 n.3; *Merrill Dow*, *supra*, at 808.

Additionally, the "well-pleaded complaint" rule requires that the question of

whether a claim "necessarily depends" on a substantial question of patent law be

determined by reference to the minimum pleading standards under state law applicable to

the claim:

> Under the well pleaded complaint rule, as appropriately adapted to
> §1338(a), whether a claim "arises under" patent law "'must be determined
> from what necessarily appears in the plaintiff's statement of his own claim in
> the bill or declaration, unaided by anything alleged in anticipation or
> avoidance of defenses which it is thought the defendant may interpose.'" . . .
> Thus, a case raising a federal patent law defense does not, for that reason
> alone, "arise under" patent law, even if the defense is anticipated in the
> plaintiff's complaint, and even if both parties admit that the defense is the
> only question truly at issue in the case.

*Christianson*, *supra*, at 808-809 (citations omitted); *Berg v. Leason*, 32 F.3d 422, 425 (9th

Cir. 1994). Federal jurisdiction only exists if the federal issue of law is "essential" to the

plaintiff's cause of action and "substantial." *Merrill Dow*, *supra*, at 814.

Thus, because the cause of action alleged does not "arise out of" federal

trademark law or require the resolution of a "substantial question" of federal trademark

law, and because the state law cause of action is not preempted, this Court does not have

subject matter jurisdiction.

E.    **Plaintiffs' Cause of Action for Violation of Massachusetts General Laws
      Chapter 93A Does Not Depend on a Substantial Question of Trademark
      Law, Nor is Trademark Law Essential to Plaintiffs' Claim**

Just as in *Lovell v. Bad Ass Coffee Co. of Hawaii, Inc.*, Plaintiffs here rely on no

federal statute, rule, or regulation in the Complaint, Further, Plaintiffs do not seek any of

the broad remedies available under M.G.L. c.93A for violation of trademark law.  103 F.

Supp.2d 1233, 1239 (D.Haw. 2000) (remand ordered based in part on lack of federal

question jurisdiction).  While the Complaint alleges that Defendant misrepresented

certain facts in its application to the PTO and omitted crucial information that would have

prompted the PTO to reject their trademark application, the wrongfulness of that conduct

can be adjudicated without reference to trademark law.  Plaintiffs' allegations center not

on the requirements of trademark law, but on considerations of what constitutes

anticompetitive conduct under state antitrust, unfair competition and monopolization law.

Plaintiffs have alleged that the class of indirect purchasers was harmed by having to pay

substantially more for their Honeywell circular thermostats than they otherwise would

have if Honeywell had not deceived its potential competitors into believing that the

manufacture or sale of a circular thermostat would have infringed on its trademark and

thereby acquired or maintained its monopoly.

In order to determine whether the federal court has jurisdiction over Plaintiffs'

claim, it is necessary to determine whether trademark law is a "necessary element of one

of the well-pleaded claims." *Merrill Dow*, *supra*, at 813.  According to the *Christianson*

court, whether a claim "arises under" patent law must be determined from what appears

on the face of the complaint. *Christianson*, *supra*, at 826.  This is true "even if the

defense is anticipated in the plaintiff's complaint, and even if both parties admit that the

defense is the only question truly at issue in the case." *Franchise Tax*, *supra*, at 14.

*Merrill Dow*, *supra*, at 808.

In *Christianson*, the court said:

We can assume without deciding that the invalidity of Colt's patents is an essential element of the foregoing monopolization theory rather than merely an argument in anticipation of a defense. (citation omitted) *The well-pleaded complaint rule, however, focuses on claims, not theories*, (citations omitted) and just because an element that is essential to a particular theory might be governed by federal patent law does not mean that the entire monopolization claim "arises under" patent law.

*Christianson*, *supra*, at 811 (emphasis added)

Here, while the validity of Honeywell's patent will be a subject in the litigation, it is not an element of a claim under M.G.L. c.93A.

In *Conroy v. Fresh Del Monte Produce, Inc.*, 325 F. Supp. 1049, 1055-1056 (N.D. Cal., 2004), the court granted plaintiff's remand motion on facts strikingly similar to the case at bar. In that case, the defendant developed two pineapple hybrids, the MD-2 and C0-2 varieties and was able to obtain a patent on the C0-2 only by allegedly defrauding the Patent and Trademark Office ("PTO"). Plaintiff alleged that defendant thereafter engaged in anti-competitive practice by using the C0-2 patent to threaten competitors producing the MD-2, and causing them to believe the defendant also had a patent on the latter when that patent was improperly obtained.

The *Conroy* court opined that while challenges to the validity or enforceability of a patent raise a federal question, since, in addition to allegations of fraud on the PTO and sham litigation, the plaintiff also alleged that the defendant intentionally deceived competitors and growers, the "harm alleged did not arise out of the validity or invalidity of the '863 Patent. It arises out of the misrepresentations regarding the MD-2 pineapple."

Id at 1055-56. Like the *Conroy* complaint, Plaintiffs' Complaint alleges facts sufficient to support their state consumer protection claim such that the intentional deception of competitors, and its anticompetitive behavior, led to the class' harm. While the Complaint discusses Honeywell's deceit upon the PTO, no federal claim is an element of M.G.L. c.93A and thus, this case was improperly removed from the Suffolk Superior Court Department.

In other cases involving the filing of allegedly frivolous patent litigation, the courts have found that no federal subject matter exists where plaintiff's claims did not hinge on the validity of the subject patent, but rather on the fact that defendants acted with an "impure heart." *Altman v. Bayer Corp.*, 125 F. Supp.2d 666, 674-675; *Aetna v. U.S. Healthcare, Inc. v. Hoechst Akiengesellochoft*, 54 F. Supp.2d (D. Kan. 1999); *In re Cardizem CD Antitrust Litigation*, 90 F. Supp.2d 819, 837-839 (E.D. Mich. 1999).

### F.    Collateral Patent Issues May Be Adjudicated In State Court

Remand is still proper even assuming this Court finds some patent issues in need of resolution. State courts are not forbidden from deciding collateral patent issues. The Supreme Court has recognized that "even a finding of exclusive federal jurisdiction over claims arising under a federal statute usually 'will not prevent a state court from deciding a federal question collaterally.'" *Hathorn v. Lovorn*, 102 S.Ct. 2421, 2428-2429 (1982). "For example, the state courts may decide a variety of questions involving the federal patent laws." *Id.* at n.18. Other courts have followed suit. In *Dow Chem. Co. v. Exxon Corp*, 139 F.3d 1470 (Fed. Cir. 1998), the Federal Circuit addressed the ability of state courts to adjudicate state law matters containing collateral patent issues, ruling that:

> [t]he principal problem presented to the court is whether state courts, or
> federal courts adjudicating state law claims, may hear a state law tort

claim ... that implicates the patent law issue of inequitable conduct or, alternatively, whether such a claim is preempted by the federal patent law. We hold that such a state law tort claim is not preempted by the federal patent law, even if it requires the state court to adjudicate a question of federal patent law, provided the state law cause of action includes additional elements not found in the federal patent law cause of action and is not an impermissible attempt to offer patent-like protection to subject matter addressed by federal law.

*Id.* at 1473.

The court further held that, "[w]hile it is true that, under the facts of this case, the 'state court' would be required to make a determination of an issue of patent law in reaching its judgment on the underlying tort, this determination would only be ancillary to its central purpose. In any case, it is well established that a state court has authority to adjudicate patent questions so long as the action itself does not arise under the patent laws." *Id.* at 1475 (footnote omitted).

In *Zenith Electronics Corp. v. Exzec, Inc.*, 182 F.3d 1340, 1351 (Fed. Cir. 1999), the Federal Circuit again addressed this issue, specifically noting that bad faith patent enforcement can lead to liability under state law:

Significantly, in those decisions we held that the state law claims were not preempted by the patent laws and that our prior decision in *Concrete Unlimited* was not to the contrary. In particular, in *Dow Chemical* we held that state unfair competition claims asserted against a patentee for tortious interference with actual and prospective contractual relations were not preempted by the patent laws, despite the fact that the claims relied on proving that the patent was obtained through inequitable conduct. 139 F.3d at 1473. The court reasoned that the claims are not preempted by the patent law remedy for inequitable conduct--i.e., unenforceability of the patent-because the state law causes of action did not clash with the objectives of the patent laws, and because they included additional elements not found in the patent law remedy. *See Id.* at 1473, 1475, 1477. In reaching this decision, we distinguished *Concrete Unlimited* on the ground that that case involved 'good faith enforcement of a patent,' whereas the claims in *Dow Chemical* were premised on bad faith patent enforcement, the patentee allegedly having known that the patent was unenforceable due to inequitable conduct. *Id.* at 1476. We emphasized that the state tort claims at issue were premised on 'bad faith

misconduct in the marketplace.' *Id.* at 1477. Bad faith marketplace conduct played a central role in our *Hunter Douglas* decision as well. In that case we opined that there is no conflict-type preemption of various state law claims based on publicizing an allegedly invalid and unenforceable patent in the marketplace as long as the claimant can show that the patent holder acted in bad faith in publication of the patent. *See Hunter Douglas, Inc. v. Harmonic Design*, 153 F.3d 1318, 1336-37 (Fed. Cir. 1998).

As Plaintiffs are the masters of their complaint, the issue is not what Defendant *wishes* Plaintiffs pleaded, but what Plaintiffs *actually* pleaded. Plaintiffs stated a claim under M.G.L. c. 93A, § 9. Defendant's efforts to rewrite Plaintiffs' complaint and assert federal claims not pleaded can best be summed up by the *Spielman* Court, "[f]ederal courts are courts of limited jurisdiction and their essential character must be protected from the ingenious devices of those who would attempt to restructure them into fora for resolving small claim disputes." *Spielman*, *supra*, at 22.

## G.    Defendant Cannot Overcome The Heavy Burden Necessary to Sustain Removal

"On a motion for remand, the party seeking to sustain the removal, not the party seeking remand, bears the burden of demonstrating that removal was proper." *Hodges v. Demchuk*, 866 F. Supp. 730, 732 (S.D.N.Y. 1994) (citations omitted)

Given that the federal court has no subject matter jurisdiction over the indirect purchaser claim Plaintiffs assert and because Plaintiffs' well-pleaded complaint does not require the resolution of a substantial question of federal law, Honeywell has not sustained the burden of demonstrating that removal was proper.

## IV.    CONCLUSION

For the reasons advanced above, Plaintiffs' Motion to Remand this case to the Suffolk Superior Court Department should be ALLOWED.


DATED: February 4, 2005                    Respectfully submitted,


                                           *Robert Bonsignore*

                                           Robert J. Bonsignore, BBO# 547880
                                           BONSIGNORE & BREWER
                                           23 Forest Street
                                           Medford, MA 02155
                                           Tel: (781) 391-9400
                                           Fax: (781) 391-9496

                                           D. Michael Noonan
                                           SHAHEEN & GORDON
                                           140 Washington Street, 2nd Floor
                                           PO Box 977
                                           Dover, NH 03821-0977
                                           Tel: (603) 749-5000
                                           Fax: (603)749-1838

                                           Jill S. Abrams
                                           Stephen T. Roddy
                                           ABBEY GARDY, LLP
                                           212 East 39th Street
                                           New York, New York  10016
                                           Tel: (212) 889-3700
                                           Fax: (212) 684-5191

                                           Dan Mogin
                                           THE MOGIN LAW FIRM, P.C.
                                           110 Juniper Street
                                           San Diego, CA 92101
                                           Tel: (619) 687-6611
                                           Fax: (619) 687-6610

                                           ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail on February 4, 2005.

Robert J. Bonsignore

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LISA McGONAGLE AND DEBORAH KUHN,  )
ON BEHALF OF THEMSELVES AND       )    CIVIL ACTION NO.
ALL OTHERS SIMILARLY SITUATED,    )    03-11370-DPW
 Plaintiffs,                 )
                                  )
   v.              )
                                  )
NESTLE WATERS NORTH AMERICA, INC.,)
 Defendant.

MEMORANDUM AND ORDER
September 30, 2003

  The defendant in this putative class action, arising from alleged improper marketing of spring water, removed the case from the state Superior Court asserting both federal question jurisdiction, 28 U.S.C. § 1391, and diversity jurisdiction, 28 U.S.C. § 1332.  The plaintiffs move for remand.  Finding that the defendant's claim that this court has jurisdiction over this case not well founded, I will allow plaintiffs' motion and order the case remanded.

  1.  As to the question of federal jurisdiction, I concur in the views of Judge Goettle in the District of Connecticut and Judge Wolfson in the District of New Jersey that, under the general rubric of the well pleaded complaint doctrine, this action raises no cognizable federal claim.  See Gaito v. Nestle Waters North America, Inc., No. 03-3422 (FLW) (D. N.J. Sep. 23, 2003) slip op. at ¶¶ 7-12; Savalle v. Nestlé Waters North America, Inc., No. 3:03cv1204 (GLG)

1

(D.Conn, Aug. 29, 2003).  The mere existence of questions of  federal law in the case is not sufficient to confer federal question jurisdiction. <u>Cf. Weiner v. Wampanoag Aquinnah Shellfish Hatchery</u>, 223 F. Supp.2d 346 (D. Mass. 2001).

2.  As to the question of diversity jurisdiction,  I concur in the views of Judge Giles in the Eastern District of Pennsylvania, that the individual claims of the members of a putative class of water purchasers may not be aggregated to satisfy the jurisdictional amount requirement.  <u>Pierson v. Source Perrier</u>, 848  F. Supp. 1186 (E.D. Pa. 1994).  I do not view the First Circuit's decision in <u>Berman v. Narragansett Racing Association</u>, 414 F.2d 311 (1st Cir. 1969), as applicable here.  For present purposes, <u>Berman</u> was convincingly distinguished by the Second Circuit in <u>Gilman v. BHC Securities, Inc.</u>, 184 F.3d 1418, 1426-28 (2d Cir. 1997).  The plaintiff's have made clear in their complaint, ¶ 15, and represented at the hearing on the motion to remand, that under any of the theories of damage they assert, including the disgorgement of profits, "the damages suffered by each individual Plaintiff and class member in no case exceeds $75,000."  I come to the same conclusion as Judge Wolfson in <u>Gaito</u>, slip op. at ¶¶ 13-18, that the jurisdictional amount cannot be met on this complaint.

Accordingly, the plaintiffs' motion to remand is hereby GRANTED.

/s/ Douglas P. Woodlock

_____
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE