UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| VINCENT FAGAN and ANTHONY GIANASCA, Individually and as Putative Class Representatives,<br><br>            Plaintiffs,<br><br>      v.<br><br>HONEYWELL INTERNATIONAL INC.,<br><br>            Defendant. | Civil Action No. 05-10119 DPW |

## REPLY IN SUPPORT OF
## DEFENDANT HONEYWELL INTERNATIONAL INC.'S MOTION TO STAY

In opposing Defendant Honeywell International Inc.'s ("Honeywell's") motion for a stay pending a decision on MDL transfer and consolidation, Plaintiffs effectively make a mountain out of a molehill, suggesting that granting such a motion would be a) highly unusual and b) very prejudicial to Plaintiffs. Nothing could be further from the truth. Far from being extraordinary, Honeywell's request for stay is a common and routinely granted motion in such multi-state, complex litigation because it avoids duplicative, costly, and uncoordinated activities and the potential for inconsistent rulings. In fact, apparently recognizing that it would promote judicial and litigation efficiencies, the U.S. District Courts for the Southern District of New York and the District of Vermont have already granted Honeywell's stay motions in this proceeding's New York and Vermont counterparts. (*See* Exs. 1 and 2.)

Staying this case until a decision on MDL transfer and consolidation has been reached imposes no undue burden on Plaintiffs; however, it does avoid duplicative briefing on the issue of subject matter jurisdiction and it does ensure that the parties will not be subjected to disparate rulings on the issue. Moreover, granting this motion will not cause undue delay. The Judicial

Panel on Multidistrict Litigation ("JPML") will hear argument on Honeywell's MDL petition on March 31, 2005 (*see* Ex. 3), so granting Honeywell's motion will at worst cause Plaintiffs to encounter a brief delay before they continue the prosecution of their lawsuit.

Thus, given the benefits to both the Court and the parties and the lack of any prejudice the requested stay would cause Plaintiffs, it is clear that the equities favor granting Honeywell's motion. Plaintiffs attempt to minimize the scope of the litigation being brought against Honeywell. But the truth is that Plaintiffs' counsel have filed virtually identical statewide class actions against Honeywell in six different states (New York, California, Vermont, Massachusetts, Tennessee, and Maine). Because of the expanding number and overlapping nature of these class actions, Honeywell has sought to employ the MDL process for the precise purpose it was created – to permit judicial economies and consistency in decision-making when essentially the same case is filed in courts around the country. The efficiencies and consistency that the MDL process provides will be lost if this case and others continue to move forward while the propriety of MDL transfer and consolidation is being determined. Accordingly, Honeywell's motion to stay should be granted.

## ARGUMENT

### I.    HONEYWELL'S MOTION TO STAY SHOULD BE GRANTED AND RESOLVED PRIOR TO RULING ON PLAINTIFFS' REMAND MOTION.

Plaintiffs suggest that it is common practice for courts to not address stay or transfer issues until after there has been briefing and argument on a motion for remand. (Plaintiffs' Memorandum in Opposition to Defendants' Motion to Stay ("Opp.") at 4-5.) Plaintiffs, however, misconstrue the authority upon which they rely. As Honeywell noted in its opening brief, courts routinely stay all proceedings, including motions to remand, pending a determination regarding the propriety of an MDL transfer. Simply put, courts have recognized

that where there are numerous cases pending around the country arising from the same nucleus of operative facts and raising the identical jurisdictional issue, it furthers the MDL process and creates judicial efficiencies generally to have a single, uniform remand determination.  *See, e.g., New Mexico State Inv. Council v. Alexander*, No. Civ. 04-520, 2004 WL 2697731, at *2 (D.N.M. Sept. 1, 2004) ("Often, deference to the MDL court for resolution of a motion to remand provides the opportunity for uniformity, consistency, and predictability in litigation that underlies the MDL system."); *Meyers v. Bayer AG*, 143 F. Supp. 2d 1044, 1049 (E.D. Wis. 2001) ("If the issues involved in a remand motion are likely to arise in the cases that have been or will be transferred, judicial economy would be served by issuing a stay."); *Aikins v. Microsoft Corp.*, No. Civ. A. 00-0242, 2000 WL 310391, at *1 (E.D. La. 2000) ("[T]he same jurisdictional questions raised here will likely be raised in many of the other cases pending against Microsoft. Consistency and economy are both served by resolution of these issues by a single court after transfer by the JPML."); *Doherty v. Ocwen Fed. Bank, FSB*, Civ. No. 04-4880 (D. Minn. Feb. 2, 2005) (granting motion to stay pending decision from the MDL Panel) (attached as Ex. 4); *Maddox v. Ocwen Fed. Bank, FSB*, No. CV 03-9515 (C.D. Cal. Mar. 30, 2004) (same) (attached as Ex. 5).  The existence of the jurisdictional issue is not grounds for denying Honeywell's stay motion, as Plaintiffs claim.  In fact, its presence, coupled with the identical actions filed by Plaintiffs' counsel in five other states, is further evidence that this proceeding should be stayed until the MDL transfer-and-consolidation process has concluded.

None of the cases Plaintiffs cite contradict this basic principle.  Rather, each of them merely reflects that a stay may not be warranted if the jurisdictional question at issue is individualized, *i.e.*, when the jurisdictional issues at stake in the motion to remand are not similar to the ones at issue in other cases that have been or will be transferred to the MDL proceeding.

Simply put, in Plaintiffs' cases, the question of whether remand was appropriate turned on unique jurisdictional issues – *e.g.*, individual issues of state law or specific jurisdictional facts. *See In re Mass. Diet Drug Litig.*, 338 F. Supp. 2d 198, 201 (D. Mass. 2004) ("The primary issue presented by the motions to remand requires consideration of the Massachusetts statute of limitations and its qualifying 'discovery rule' – an issue as to which the MDL Court, respectfully, has no superior experience or expertise.  Further, it does not appear that the issue, involving as it does Massachusetts law, is one that is likely to arise in other diet drug litigation in other courts."); *Wise v. Bayer, A.G.*, 281 F. Supp. 2d 878, 886 (W.D. La. 2003) ("Defendants do not show that any of the cases currently within MDL-1431 have at issue timeliness of removal of an action filed in accordance with Louisiana's pleading rules."); *Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft*, 54 F. Supp. 2d 1042, 1047-48 (D. Kan. 1999) ("While staying the proceedings might allow a single district court to rule on the jurisdictional issue in the various cases, a stay would not affect the law that applies to the present case and little would be gained by a stay of decision on the motion to remand. . . . The Court is well versed in both Kansas and federal law, while the transferor court would need to apply the law of different states to different claims.").  Under such circumstances, the risk of inconsistent rulings and the judicial efficiency gained by having the motions to remand determined on a collective basis are, to large extent, not relevant.  Here, in contrast, the jurisdictional question at issue in each of the six cases filed by Plaintiffs' counsel is identical – whether Plaintiffs' theory of relief necessitates an adjudication of the validity of Honeywell's '108 trademark such that jurisdiction under 28 U.S.C. § 1338(a) is appropriate?  Accordingly, staying this proceeding and allowing the transferee judge to adjudicate all of the motions to remand would clearly be beneficial from the standpoint of consistency and efficiency.

## II.    THE EQUITIES OF THIS CASE DEMONSTRATE THAT A STAY IS APPROPRIATE.

Plaintiffs suggest that there will be little to no hardship to Honeywell if the matter is not stayed.  (Opp. at 9.)  But that is simply false:  Honeywell specifically noted in its opening brief that staying this case pending a ruling on MDL transfer and consolidation would allow it to conserve resources and avoid conflicting rulings.  (Defendant's Motion to Stay at 7.)  Indeed, such an outcome is simple common sense because otherwise Honeywell will be required to engage in duplicative, wasteful, multi-front litigation on the same remand question.   Denying Honeywell's stay motion therefore would impose substantial hardship on Honeywell and would waste scarce judicial resources, thereby undercutting the very purpose of the MDL process.  *See Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997) ("When considering a motion to stay, the district court should consider three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated.").

At present, Honeywell is facing essentially the same case in multiple forums.  If Honeywell is required to litigate each of those cases until MDL transfer and consolidation, then much of Honeywell's work – whether it be related to briefing, discovery, or case management – will be overlapping and duplicative.  Moreover, because the cases contain virtually identical allegations and theories of recovery, allowing the cases to proceed in multiple forums simultaneously is practically a recipe for subjecting Honeywell to conflicting rulings.  Granting a stay until a determination on MDL coordination is reached would therefore avoid substantial potential hardship for Honeywell.

Similarly, granting a stay would conserve significant judicial resources. As noted above, staying this action prior to ruling on remand both avoids the possibility of inconsistent rulings on whether remand is warranted and ensures that only one federal court need devote its resources to the remand question. In addition, assuming MDL transfer and consolidation is ordered, staying this case will ensure that this Court does not needlessly expend case management resources on case whose pre-trial management ultimately will be handled by another court. *See Rivers*, 980 F. Supp. at 1360-61 ("[A]ny efforts on behalf of this Court concerning case management will most likely have to be replicated by the judge that is assigned to handle the consolidated litigation[.]").

It is not obvious what prejudice, if any, Plaintiffs would suffer from staying this case pending a decision from the MDL panel, much less that such assumed prejudice would outweigh the benefits and efficiencies that would flow from the granting of Honeywell's motion. The crux of Plaintiffs' argument is that a stay will be prejudicial because they will be forced to wait to litigate the remand issue and they will be forced to litigate the remand issue in the MDL transferee court. (Opp. at 7-8.) But neither of these conditions results in any prejudice to Plaintiffs. As noted previously, Plaintiffs' delay in litigating their case will be minor – likely no more than a few months. Although Plaintiffs are correct that any remand motion would be heard in the MDL transferee court if the stay is granted, granting the stay neither impairs their ability to bring a remand motion nor their ability to argue that remand motion as Plaintiffs see fit.[1] Accordingly, Plaintiffs are hard pressed to point to any cognizable prejudice that would arise from the granting of the motion.

Plaintiffs' argument that granting the stay will provide no efficiency savings appears predicated on the belief that Honeywell's removal of this action was improper. But this

---

[1]     Furthermore, any inconvenience that Plaintiffs incur as result of being forced to travel to the MDL transferee court is at least in part of their own making. After all, it was Plaintiffs' counsel, not Honeywell, that chose to file six essentially identical complaints in six different states located all over the country.

argument is flawed in two respects.  First, as previously noted, staying this action prior to determining the remand issue conserves judicial resources and avoids inconsistent rulings, independent of the merits of the remand motion.  Second, as Honeywell explains in greater detail in its opposition to Plaintiffs' Motion to Remand, Honeywell's removal of this proceeding is not improper.  Plaintiffs based their argument that federal jurisdiction is not present on the case of *Conroy v. Fresh Del Monte Produce, Inc.*, 325 F. Supp. 2d 1049 (N.D. Cal. 2004).  Plaintiffs, however, misapprehend the *Conroy* court's treatment of the jurisdictional issue.  The court in *Conroy* did not hold there was no federal jurisdiction under 28 U.S.C. § 1338(a) for antitrust claims whose merits necessarily turn on the validity of an underlying federal intellectual property right.  In fact, the court noted that such antitrust claims "necessarily involve questions of patent law, including what information the patent applicant had a duty to disclose and what information was material to the patent application." *Conroy*, 325 F. Supp. 2d at 1055.  Rather, the court found that removal was improper in *Conroy* because the plaintiff could prove her claims "without needing to prove fraud on the PTO (Patent and Trademark Office)." *Id.* at 1056.  Put another way, the *Conroy* court acknowledged that federal jurisdiction exists under § 1338(a) when a challenge to a federal intellectual property right is a precondition for a plaintiff to prevail on his or her claim, but found this rule inapplicable under the circumstances of that case.  Because the allegations of anticompetitive conduct here – and in its counterparts in other states – plainly rest on whether Honeywell committed any improprieties before the U.S. Patent and Trademark Office in obtaining of the '108 trademark, Honeywell's removal of this proceeding was entirely warranted.  *Conroy* makes Honeywell's point.

In short, granting a stay would promote judicial efficiency and avoid substantial potential hardship for Honeywell, while only minimally inconveniencing Plaintiffs.

## CONCLUSION

For the foregoing reasons, and for the reasons stated in its opening brief, Honeywell

respectfully requests that this Court stay all proceedings in this matter pending a ruling from the

Judicial Panel on Multidistrict Litigation on the propriety of transferring this action to

coordinated pretrial proceedings.

Respectfully submitted,
HONEYWELL INTERNATIONAL INC.,
By its attorneys,


/s/ David M. Osborne
William H. Kettlewell (BBO # 270320)
David M. Osborne (BBO #564840)
DWYER & COLLORA, LLP
600 Atlantic Avenue
Boston, Massachusetts 02210
(617) 371-1000

Richard G. Parker
Ian Simmons
Benjamin G. Bradshaw
Charles E. Borden
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006-4001
(202) 383-5300

Dated February 18, 2005

# EXHIBIT 1

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _1/3/05_

UNITED STATES DISTRICT COURT
 FOR THE SOUTHERN DISTRICT OF NEW YORK

THOMAS FULLAM,

        Plaintiff,

      v.

HONEYWELL INTERNATIONAL INC.,

        Defendant.

Case No. 04 CV 9871 (PKC)

**ECF MATTER**

## [PROPOSED] ORDER

On consideration of defendant Honeywell International Inc.'s motion to stay, the filings made in support thereof and ~~in opposition thereto, and the argument of the parties~~, it is hereby ORDERED that defendant's motion is GRANTED;

It is further ORDERED that, in light of the pending motions before the Judicial Panel on Multidistrict Litigation, which seek transfer of this case pursuant to 28 U.S.C. § 1407, all proceedings in this matter are hereby stayed until further order of the Court.

_____
United States District Judge

1-3-05

# EXHIBIT 2

CM/ECF - U.S. District Court - Vermont (LIVE) - Display Receipt                                    Page 1 of 1

RECEIVED

FEB 1 7 2005

DINSE, KNAPP &
McANDREW, P.C.

MIME-Version:1.0
From:cmecfhelpdesk@vtd.uscourts.gov
To:Courtmail@vtd.uscourts.gov
Bcc:david_legere@vtd.uscourts.gov,kris_long@vtd.uscourts.gov,mnoonan@shaheengordon.c
Message-Id:<76210@vtd.uscourts.gov>
Subject:Activity in Case 1:05-cv-00001-jgm Wright v. Honeywell International, Inc. "

Content-Type: text/html

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\*You may view the filed documents once without
charge. To avoid later charges, download a copy of each document during this first viewing.**

### U.S. District Court

### District of Vermont

Notice of Electronic Filing

The following transaction was received from kbl, entered on 2/16/2005 at 2:09 PM EST and filed on
2/16/2005

**Case Name:**      Wright v. Honeywell International, Inc.
**Case Number:**    1:05-cv-1
**Filer:**
**Document Number:** 19

**Docket Text:**
ORDER granting [4] Motion to Stay, denying without prejudice [9] Motion to Remand to State Court,
granting [16] Motion to Withdraw as Attorney. Attorney Arend Richard Tensen terminated. Signed by
Judge J. Garvan Murtha on 2/16/2005. (This is a text only Order.) (kbl, )

The following document(s) are associated with this transaction:

**1:05-cv-1 Notice will be electronically mailed to:**

D. Michael Noonan    mnoonan@shaheengordon.com, pattikretschmar@shaheengordon.com

**1:05-cv-1 Notice will be delivered by other means to:**

Karen McAndrew
Dinse, Knapp & McAndrew, P.C.
209 Battery Street
P.O. Box 988
Burlington, VT 05402-0988

# EXHIBIT 3

# UNITED STATES OF AMERICA
# JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

**CHAIRMAN:**
Judge Wm. Terrell Hodges
United States District Court
Middle District of Florida

**MEMBERS:**
Judge John F. Keenan
United States District Court
Southern District of New York

Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

**DIRECT REPLY TO:**

Michael J. Beck
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:          [202] 502-2888

http://www.jpml.uscourts.gov

February 11, 2005

## NOTICE OF HEARING SESSION

Dear Counsel:

Pursuant to the order of the Judicial Panel on Multidistrict Litigation filed today, you are hereby notified that a hearing session has been scheduled to consider various matters pursuant to 28 U.S.C. § 1407.

DATE OF HEARING SESSION:              March 31, 2005

LOCATION OF HEARING SESSION:      Federal Building
                                                            Courtroom 202, Second Floor
                                                            1415 State Street
                                                            Santa Barbara, California  93101

TIME OF HEARING SESSION:  In those matters designated for oral argument, counsel presenting oral argument must be present at **8:30 a.m.** in order for the Panel to allocate the amount of time for oral argument.  Oral argument will commence at **9:30 a.m.**

Please direct your attention to the enclosed Hearing Session Order and Schedule of Matters for Hearing Session for a listing of the matters scheduled for consideration at this hearing session.

- Section A of this Schedule lists the matters designated for oral argument.
- Section B of this Schedule lists the matters that the Panel has determined to consider **without oral argument,** pursuant to Rule 16.1(c), R.P.J.P.M.L., 199 F.R.D. 425, 439 (2001).

For those matters listed on Section A of the Schedule, the enclosed blue "Notice of Presentation or Waiver of Oral Argument" must be returned to this office no later than **March 14, 2005.**  Note the procedures governing Panel oral argument which are outlined on the enclosed "Procedures for Oral Argument before the Judicial Panel on Multidistrict Litigation."  These procedures are strictly adhered to and your cooperation is appreciated.

Very truly,

Michael J. Beck
Clerk of the Panel

c:  Clerk, U.S. District Court for the Central District of California

```
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

Feb. 11, 2005

MICHAEL J. BECK
CLERK OF THE PANEL
```

## *BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

### *WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL*

### HEARING SESSION ORDER

IT IS ORDERED that on March 31, 2005, a hearing session will be held in Santa Barbara, California, to consider the matters on the attached Schedule under 28 U.S.C. § 1407.

IT IS FURTHER ORDERED that at said hearing session the Panel may, on its own initiative, consider transfer of any or all of the actions in those matters to any district or districts.

IT IS FURTHER ORDERED that at said hearing session the matters listed on Section A of the attached Schedule shall be designated for oral argument.

IT IS FURTHER ORDERED that at said hearing session the matters listed on Section B of the attached Schedule shall be considered without oral argument, pursuant to Rule 16.1(c), R.P.J.P.M.L., 199 F.R.D. 425, 439 (2001). The Panel reserves the prerogative, on any basis including submissions of parties pursuant to Panel Rule 16.1(b), to issue a subsequent notice designating any of those matters for oral argument.

IT IS FURTHER ORDERED that the Clerk of the Judicial Panel on Multidistrict Litigation shall direct notice of this hearing session to counsel for all parties involved in the matters on the attached Schedule.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

SCHEDULE OF MATTERS FOR HEARING SESSION
March 31, 2005 -- Santa Barbara, California

**SECTION A**
**MATTERS DESIGNATED FOR ORAL ARGUMENT**

MDL-1668 -- In re Federal National Mortgage Association Securities, Derivative & "ERISA"
Litigation

Motion of defendants Federal National Mortgage Association (Fannie Mae), Franklin D.
Raines, J. Timothy Howard, Leanne G. Spencer, and Daniel H. Mudd for centralization of the
following actions in the United States District Court for the District of District of Columbia:

District of District of Columbia

*Vincent Vinci v. Federal National Mortgage Association, et al.*, C.A. No. 1:04-1639
*Sidney Horn, etc. v. Franklin D. Raines, et al.*, C.A. No. 1:04-1783
*David Gwyer v. Federal National Mortgage Association, et al.*, C.A. No. 1:04-1784
*Richard Mandel v. Timothy Howard, et al.*, C.A. No. 1:04-1827
*Anne E. Flynn, et al. v. Fannie Mae, et al.*, C.A. No. 1:04-1843
*Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust, etc. v. Franklin D. Raines,*
*et al.*, C.A. No. 1:04-1852
*Hedda Rudoff, etc. v. Franklin D. Raines, et al.*, C.A. No. 1:04-1960

Southern District of New York

*Richard Gregory v. Federal National Mortgage Association, et al.*, C.A. No. 1:04-7574
*David P. Berlien v. Federal National Mortgage Association, et al.*, C.A. No. 1:04-8066
*Patricia B. Arthur, etc. v. Franklin D. Raines, et al.*, C.A. No. 1:04-8294

Southern District of Ohio

*Ohio Public Employees Retirement System, et al. v. Fannie Mae, et al.*,
C.A. No. 2:04-1106

Schedule of Matters for Hearing Session, Section A                    p. 2
Santa Barbara, California

<u>MDL-1669 -- In re Zimmer, Inc., Centralign Hip Prosthesis Products Liability Litigation (No. II)</u>

Motion of plaintiffs Dolores Dunn, et al.; James Johannsen; John Vino, et al.; Sonia Fuentes-Weed; Joann Lopes; and Stacia S. Bogdan, et al., for centralization of the following actions in the United States District Court for the District of Minnesota:

<u>District of Connecticut</u>

*Dolores Dunn, et al. v. Zimmer, Inc.*, C.A. No. 3:00-1306
*James Johannsen v. Bristol-Myers Squibb Co., et al.*, C.A. No. 3:00-2270
*John Vino, et al. v. Zimmer, Inc.*, C.A. No. 3:01-516
*Sonia Fuentes-Weed v. Zimmer, Inc.*, C.A. No. 3:01-517
*Joann Lopes v. Zimmer, Inc.*, C.A. No. 3:01-518
*Stacia S. Bogdan, et al. v. Zimmer, Inc.*, C.A. No. 3:02-637

<u>District of Minnesota</u>

*George David Johnson, et al. v. Zimmer, Inc.*, C.A. No. 0:02-1328
*Allen Lillebo, et al. v. Zimmer, Inc.*, C.A. No. 0:03-2919
*Evelyn Reiling, et al. v. Zimmer, Inc.*, C.A. No. 0:03-2920
*Mary Orlowski v. Zimmer, Inc.*, C.A. No. 0:03-6076
*John W. Doschadis v. Zimmer, Inc.*, C.A. No. 0:03-6439
*Brent M. Symonds v. Zimmer, Inc.*, C.A. No. 0:04-985
*Harry L. Poliwoda v. Zimmer, Inc.*, C.A. No. 0:04-1659
*Kathryn E. Leclerc v. Zimmer, Inc.*, C.A. No. 0:04-1660
*Carmen Klingbeil v. Zimmer, Inc.*, C.A. No. 0:04-2780
*Elsie Grimm v. Zimmer, Inc.*, C.A. No. 0:04-3184
*Thomas O. Guss v. Zimmer, Inc.*, C.A. No. 0:04-3185
*Kenneth L. Kraft v. Zimmer, Inc.*, C.A. No. 0:04-3186
*Carol Rotondo v. Zimmer, Inc.*, C.A. No. 0:04-3346
*Thomas M. Krick v. Zimmer, Inc.*, C.A. No. 0:04-3347
*Henry C. Gerig, Jr. v. Zimmer, Inc.*, C.A. No. 0:04-3348
*William K. Freeman v. Zimmer, Inc.*, C.A. No. 0:04-3349
*Mildred E. Green v. Zimmer, Inc.*, C.A. No. 0:04-3350
*Marjorie Witt v. Zimmer, Inc.*, C.A. No. 0:04-3351

<u>District of Montana</u>

*Robert G. Oakberg v. Zimmer, Inc.*, C.A. No. 2:03-47

Schedule of Matters for Hearing Session, Section A                    p. 3
Santa Barbara, California


<u>MDL-1671 -- In re Reformulated Gasoline (RFG) Antitrust & Patent Litigation</u>

Motion of defendant Union Oil Company of California for centralization of the following actions in the United States District Court for the Central District of California:


<u>Central District of California</u>

*Caleb Kleppner, et al. v. Union Oil Co. of California, et al.*, C.A. No. 2:04-8795
*Carlos Lossada v. Union Oil Co. of California*, C.A. No. 2:04-9598
*Yolanda Acosta v. Union Oil Co. of California, et al.*, C.A. No. 2:04-9600
*Anthony Dark v. Union Oil Co. of California, et al.*, C.A. No. 2:04-9602

<u>Northern District of California</u>

*Stephen Buckser v. Union Oil Co. of California*, C.A. No. 3:04-4755
*Asher Rubin, et al. v. Union Oil Co. of California*, C.A. No. 3:04-4799
*Gail Harper v. Union Oil Co. of California*, C.A. No. 3:04-5126
*Jennifer Haro v. Union Oil Co. of California*, C.A. No. 3:04-5234
*Corey Rosen v. Union Oil Co. of California*, C.A. No. 3:04-5235
*Michelle Sullivan v. Union Oil Co. of California*, C.A. No. 3:04-5236

<u>Southern District of California</u>

*Michael Shames v. Union Oil Co. of California, et al.*, C.A. No. 3:04-2460


<u>MDL-1672 -- In re Express Scripts, Inc., Pharmacy Benefits Management Litigation</u>

Motion of plaintiff Central Laborers' Welfare Fund for centralization of the following actions in the United States District Court for the Southern District of Illinois:


<u>Southern District of Illinois</u>

*Central Laborers' Welfare Fund v. Express Scripts, Inc., et al.*, C.A. No. 3:04-791

Schedule of Matters for Hearing Session, Section A                    p. 4
Santa Barbara, California


MDL-1672 (Continued)


#### Eastern District of Missouri

*Gerald R. Minshew v. Express Scripts, Inc.,* C.A. No. 4:02-1503
*Richard Mixon, et al. v. Express Scripts, Inc.,* C.A. No. 4:03-1519
*Karen Cameron v. Express Scripts, Inc.,* C.A. No. 4:03-1520
*Fidelity Insurance Co., et al. v. Express Scripts, Inc., et al.,* C.A. No. 4:03-1521

#### Southern District of New York

*Patrick J. Lynch, etc. v. National Prescription Administrators, Inc., et al.,*
    C.A. No. 1:03-1303
*United Food & Commercial Workers Unions & Employers Midwest Health Benefits Fund
    v. National Prescription Administrators, Inc., et al.,* C.A. No. 1:04-7472
*William E. Scheuerman, et al. v. Express Scripts, Inc.,* C.A. No. 1:04-7616


#### MDL-1673 -- In re Circular Thermostat Antitrust Litigation

Motion of defendant Honeywell International Inc., for centralization of the following actions
in the United States District Court for the Southern District of New York:


#### Northern District of California

*Brian Brock v. Honeywell International, Inc.,* C.A. No. 3:04-5328

#### Southern District of New York

*Thomas Fullam v. Honeywell International, Inc.,* C.A. No. 1:04-9871

Schedule of Matters for Hearing Session, Section A                          p. 5
Santa Barbara, California

MDL-1674 -- In re Community Bank of Northern Virginia Mortgage Lending Practices
             Litigation

     Motion of defendant Irwin Union Bank & Trust Company for centralization of the following
actions in the United States District Court for the Western District of Pennsylvania:

               Northern District of Alabama

    *Clell L. Hobson, et al. v. Irwin Union Bank & Trust Co., et al.*, C.A. No. 7:04-2351

               District of Maryland

    *David M. Chatfield, et al. v. Community Bank of Northern Virginia, et al.*,
       C.A. No. 1:04-2235
    *Willard R. Ransom, et al. v. Community Bank of Northern Virginia, et al.*,
       C.A. No. 1:04-2236

               Western District of Pennsylvania

    *Ruth J. Davis, et al. v. Community Bank of Northern Virginia, et al.*, C.A. No. 2:02-1201

MDL-1675 -- In re ACE Limited Securities Litigation

     Motion of defendants ACE Limited, Evan Greenberg, Brian Duperreault, Philip V. Bancroft,
Dominic J. Frederico, and Christopher Z. Marshall for centralization of the following actions in the
United States District Court for the Eastern District of Pennsylvania:

               Southern District of New York

    *John Mahaney, Jr. v. ACE Limited, et al.*, C.A. No. 1:04-7696
    *Steven Burda v. ACE Limited, et al.*, C.A. No. 1:04-8335
    *Thomas E. Barton v. ACE Limited, et al.*, C.A. No. 1:04-8683

               Eastern District of Pennsylvania

    *Friends of Ariel Center for Policy Research v. ACE Limited, et al.*, C.A. No. 2:04-4907

Schedule of Matters for Hearing Session, Section A                                    p. 6
Santa Barbara, California


MDL-1676 -- In re Telecommunications Providers' Fiber Optic Cable Installation Litigation
         (No. II)

    Motion of defendant Chem-Tronics, Inc., for centralization of the following actions in the
United States District Court for the Northern District of Illinois:


### Central District of California

*William Nelson, et al. v. MCI WorldCom Network Services, Inc. et al.,*
   C.A. No. 2:01-8205

### Eastern District of California

*Dirk Regan, et al. v. Qwest Communications International, Inc., et al.,* C.A. No. 2:01-766
*Dirk Regan, et al. v. Williams Companies, Inc., et al.,* C.A. No. 2:01-779

### District of Colorado

*Orin Loos, et al. v. Level 3 Communications, LLC, et al.,* C.A. No. 1:01-75
*Robert C. Barr, et al. v. Qwest Communications International, Inc., et al.,*
   C.A. No. 1:01-748

### District of Idaho

*Dennis Koyle, et al. v. Level 3 Communications, Inc., et al.,* C.A. No. 1:01-286

### Northern District of Illinois

*Vincent E. Buchenau, et al. v. Sprint Corp., et al.,* C.A. No. 1:99-3844

### Southern District of Illinois

*Harriett Bauer, et al. v. Level 3 Communications, Inc., et al.,* C.A. No. 3:01-308

### Northern District of Indiana

*Stanley J. Hynek, et al. v. MCI WorldCom Communications, Inc., et al.,*
   C.A. No. 3:00-758

Schedule of Matters for Hearing Session, Section A                    p. 7
Santa Barbara, California


MDL-1676 (Continued)


### Southern District of Indiana

*Jerry L. Ostler, et al. v. Level 3 Communications, Inc., et al.*, C.A. No. 1:00-718

### District of Kansas

*Harold Watson, et al. v. Qwest Communications Corp., et al.*, C.A. No. 5:00-4132

### Western District of Louisiana

*Randolph McCormick, et al. v. MCI WorldCom, et al.*, C.A. No. 6:01-415
*Don Alexander, et al. v. MCI WorldCom, et al.*, C.A. No. 6:01-1237

### Southern District of Mississippi

*Benjamin L. Carrubba, et al. v. WorldCom, Inc., et al.*, C.A. No. 1:01-282

### Western District of Missouri

*Cirese Investment Co. v. Qwest Communications Corp., et al.*, C.A. No. 4:00-42

### District of Nebraska

*Devon Lewis v. Sprint Communications Co., L.P., et al.*, C.A. No. 4:00-3278

### District of North Dakota

*Marlyn E. Nudell, et al. v. Burlington Northern & Santa Fe Railway Co., et al.*,
    C.A. No. 3:01-41

### District of Oregon

*Bill Zografos, et al. v. Qwest Communications Corp.*, C.A. No. 6:00-6201

Schedule of Matters for Hearing Session, Section A                    p. 8
Santa Barbara, California


MDL-1676 (Continued)


### District of South Carolina

*Sustainable Forest LLC, et al. v. Qwest Communications International, Inc., et al.,*
C.A. No. 0:01-2935

### Eastern District of Texas

*Paul D. Drawhorn, et al. v. Qwest Communications International, Inc., et al.,*
C.A. No. 1:99-415


## MDL-1677 -- In re NovaStar Home Mortgage Inc. Mortgage Lending Practices Litigation

Motion of plaintiff Kevin Kravets for centralization of the following actions in the United States District Court for the Southern District of California:


### Southern District of California

*Kevin Kravets v. NovaStar Home Mortgage, Inc., et al.,* C.A. No. 3:04-2092

### Southern District of Georgia

*Harry Pitts, et al. v. Novastar Financial, Inc., et al.,* C.A. No. 4:04-157

Schedule of Matters for Hearing Session, Section A                         p. 9
Santa Barbara, California


<u>MDL-1679 -- In re FedEx Ground Package System, Inc., Employment Practices Litigation</u>

  Motion of defendant FedEx Ground Package System, Inc., for centralization of the following actions in the United States District Court for the Western District of Pennsylvania:

    <u>Central District of California</u>

*Jesse Padilla v. FedEx Home Delivery, et al.*, C.A. No. 8:04-1002

    <u>Northern District of California</u>

*Dean Alexander, et al. v. FedEx Ground Package System, Inc., et al.*, C.A. No. 3:05-38

    <u>District of Kansas</u>

*Carlene M. Craig, et al. v. FedEx Ground Package System, Inc.*, C.A. No. 5:03-4197

    <u>Eastern District of Michigan</u>

*James Lester, et al. v. Federal Express Corp., et al.*, C.A. No. 1:04-10055

    <u>District of New Jersey</u>

*Jessie Capers, et al. v. FedEx Ground, et al.*, C.A. No. 2:02-5352

    <u>Eastern District of New York</u>

*Curtis Johnson, et al. v. FedEx Home Delivery, et al.*, C.A. No. 1:04-4935

    <u>Southern District of New York</u>

*Larry Louzau, et al. v. FedEx Ground Package System, Inc.*, C.A. No. 1:04-9795

    <u>Eastern District of Virginia</u>

*Bradley D. Gregory v. FedEx Corp., et al.*, C.A. No. 2:03-479

Schedule of Matters for Hearing Session, Section A                        p. 10
Santa Barbara, California

MDL-1680 -- In re Pullen & Associates, LLC, Brokered Group Health Plans Litigation

    Motion of defendants Pullen & Associates, LLC, and Milton Pullen for centralization of the
following actions in the United States District Court for the Southern District of Alabama:

### Northern District of Alabama

*Jimmie Whisenant v. Staff USA, et al.*, C.A. No. 2:04-3116

### Southern District of Alabama

*Stephen Stokes, et al. v. Holden & Co., Inc., et al.*, C.A. No. 1:04-542
*Cogburn Health Services, Inc., et al. v. Milton S. Pullen, Jr., et al.*, C.A. No. 1:04-669

### Eastern District of Kentucky

*Paysource, Inc. v. Triple Crown Financial Group, Inc., et al.*, C.A. No. 2:04-171

### Western District of Missouri

*Tutera Investments, LLC, et al. v. Milton S. Pullen, Jr., et al.*, C.A. No. 4:04-1155

### Southern District of Ohio

*Transcon Employment Co. v. Triple Crown Financial Group, Inc., et al.*,
   C.A. No. 1:04-856

### District of South Carolina

*S&S Firestone, Inc., et al. v. Consumer Health Solutions, LLC, et al.*,
   C.A. No. 7:04-22690

# SECTION B
## MATTERS DESIGNATED FOR CONSIDERATION WITHOUT ORAL ARGUMENT

MDL-875 -- In re Asbestos Products Liability Litigation (No. VI)

Oppositions of plaintiffs to transfer of their respective following actions to the United States District Court for the Eastern District of Pennsylvania:

Middle District of Louisiana

*Glenn Soileau v. Cajun Electric Power Cooperative, et al.*, C.A. No. 3:04-512

District of Maryland

*Gale D. Walker v. Owens-Illinois Glass Co., et al.*, C.A. No. 1:04-3278

Southern District of Mississippi

*Roy Barry, et al. v. A.O. Smith Co., et al.*, C.A. No. 1:04-731
*Betty Mills, etc. v. Borg-Warner Corp., et al.*, C.A. No. 1:04-810

District of Nevada

*Dennis Knutson, et al. v. Allis-Chalmers Corp., et al.*, C.A. No. 3:04-625

Schedule of Matters for Hearing Session, Section B                    p. 12
Santa Barbara, California


MDL-875 (Continued)


### Southern District of New York

*Philip P. Maita, et al. v. General Electric Co., et al.*, C.A. No. 1:04-7038
*Martin Zuckerman, et al. v. General Electric Co.*, C.A. No. 1:04-7603
*Joseph S. Zafonte, et al. v. A.O. Smith Water Products Co., et al.*, C.A. No. 1:04-9320
*Robert W. Nesbiet v. General Electric Co., et al.*, C.A. No. 1:04-9321

### Eastern District of Texas

*Bobbie Jean Bagwell, etc. v. Honeywell, Inc., et al.*, C.A. No. 6:04-444


## MDL-1203 -- In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Products Liability Litigation

Oppositions of plaintiffs to transfer of their respective following actions to the United States District Court for the Eastern District of Pennsylvania:


### Southern District of Alabama

*Edward Smith v. Wyeth, et al.*, C.A. No. 1:04-309
*Mona Barnes v. Wyeth, et al.*, C.A. No. 2:04-346
*Rever Pettway, et al. v. Wyeth, et al.*, C.A. No. 2:04-348

### Southern District of Florida

*Virona J. Hardison v. Wyeth, et al.*, C.A. No. 0:04-60652
*Sam Morris v. Indevus Pharmaceuticals, Inc., et al.*, C.A. No. 0:04-60653
*Bernard C. Goldstein v. Indevus Pharmaceuticals, Inc., et al.*, C.A. No. 0:04-60659
*Mona E. Klein v. Indevus Pharmaceuticals, Inc., et al.*, C.A. No. 1:04-21197
*Madge Acarino v. Indevus Pharmaceuticals, Inc., et al.*, C.A. No. 1:04-21198
*Sandra Holland, et al. v. Wyeth, Inc., et al.*, C.A. No. 2:04-14130
*Joanne Maddens, et al. v. Wyeth, Inc., et al.*, C.A. No. 2:04-14131
*Abby C. Koffler v. Indevus Pharmaceuticals, Inc., et al.*, C.A. No. 9:04-80461

Schedule of Matters for Hearing Session, Section B                              p. 13
Santa Barbara, California


MDL-1203 (Continued)


      Southern District of Florida (Continued)

*Karl H. Francis v. Indevus Pharmaceuticals, Inc., et al.*, C.A. No. 9:04-80475
*Mary Ellen Arceneaux v. Indevus Pharmaceuticals, Inc., et al.*, C.A. No. 9:04-80477

      District of Idaho

*Dale Robinson, et al. v. Wyeth, Inc., et al.*, C.A. No. 4:04-551

      Eastern District of Kentucky

*Diana Adkins, et al. v. Bariatrics, Inc. of KY, P.S.C., et al.*, C.A. No. 0:04-167

      Western District of Louisiana

*Laura Luneau, et al. v. Wyeth, Inc., et al.*, C.A. No. 2:04-1178

      Eastern District of Texas

*Dian Jones v. Wyeth, et al.*, C.A. No. 6:04-242
*Carol S. McKeever, et al. v. Wyeth, et al.*, C.A. No. 9:03-298

      Northern District of Texas

*Celia Osuna, et al. v. Wyeth, et al.*, C.A. No. 4:04-142

      Southern District of Texas

*Olga Monsevais, et al. v. Wyeth, et al.*, C.A. No. 2:04-84
*Lavette James v. Wyeth, et al.*, C.A. No. 2:04-101
*Stephanie A. Skinner v. Wyeth*, C.A. No. 4:03-4837
*Susan A. Germany v. Wyeth, et al.*, C.A. No. 4:03-4941

      Eastern District of Wisconsin

*Jeanette Nash v. Wyeth, et al.*, C.A. No. 2:04-996

Schedule of Matters for Hearing Session, Section B                                     p. 14
Santa Barbara, California


## MDL-1332 -- In re Microsoft Corp. Windows Operating Systems Antitrust Litigation

Opposition of plaintiff Novell, Inc., to transfer of the following action to the United States District Court for the District of Maryland:


### District of Utah

*Novell, Inc. v. Microsoft Corp.*, C.A. No. 2:04-1045


## MDL-1405 -- In re California Wholesale Electricity Antitrust Litigation

Opposition of plaintiff Public Utility District No. 1 of Grays Harbor County, Washington, to transfer of the following action to the United States District Court for the Southern District of California:


### Western District of Washington

*Public Utility District No. 1 of Grays Harbor County, Washington v. IDACORP, Inc., et al.*, C.A. No. 3:02-5572


## MDL-1439 -- In re Farmers Insurance Exchange Claims Representatives' Overtime Pay Litigation

Opposition of plaintiffs Diana Balliet, et al., and MDL-1439 plaintiffs to transfer of the following actions to the United States District Court for the District of Oregon:


### Central District of California

*Diana Balliet, et al. v. Farmers Insurance Exchange, et al.*, C.A. No. 2:04-9148


### District of Nevada

*Randy McLeod, et al. v. Farmers Insurance Exchange, et al.*, C.A. No. 2:04-544

Schedule of Matters for Hearing Session, Section B                                          p. 15
Santa Barbara, California

MDL-1446 -- In re Enron Corp. Securities, Derivative & "ERISA" Litigation

     Oppositions of plaintiffs Sierra Pacific Resources, et al.; State of Arkansas Teacher Retirement System, et al.; LJM2 Co-Investment, L.P.; and Public Utility District No. 1 of Snohomish County, Washington, to transfer of their respective following actions to the United States District Court for the Southern District of Texas:

     District of Nevada

*Sierra Pacific Resources, et al. v. Citigroup, Inc., et al.*, C.A. No. 2:04-1605

     Northern District of Texas

*State of Arkansas Teacher Retirement System, et al. v. Merrill Lynch & Co., Inc., et al.*,
  Bky. Advy. No. 3:04-3525
*LJM2 Co-Investment, L.P. v. Andrew B. Fastow, et al.*, Bky. Advy. No. 3:04-3565

     Western District of Washington

*Public Utility District No. 1 of Snohomish County, Washington v. Citigroup, Inc., et al.*,
  C.A. No. 2:04-2389

MDL-1486 -- In re Dynamic Random Access Memory (DRAM) Antitrust Litigation

     Oppositions of plaintiffs Chiengthong Kongkham, John G. Elias, and Tracey S. Kinder to transfer of their respective following actions to the United States District Court for the Northern District of California:

     Western District of North Carolina

*Chiengthong Kongkham v. Micron Technology, Inc., et al.*, C.A. No. 3:04-556

     Middle District of Tennessee

*John G. Elias v. Micron Technology, Inc., et al.*, C.A. No. 3:04-1101

     Northern District of West Virginia

*Tracey S. Kinder v. Micron Technology, Inc., et al.*, C.A. No. 5:04-122

Schedule of Matters for Hearing Session, Section B                                    p. 16
Santa Barbara, California


<u>MDL-1498 -- In re Laughlin Products, Inc., Patent Litigation</u>

Opposition of plaintiffs Paul Spivak, et al., to transfer of the following action to the United
States District Court for the Eastern District of Pennsylvania:


### Northern District of Ohio

*Paul Spivak, et al. v. Thomas J. Laughlin, et al.*, C.A. No. 1:04-1992


<u>MDL-1507 -- In re Prempro Products Liability Litigation</u>

Oppositions of plaintiffs and/or defendants Pfizer Inc.; Pharmacia & Upjohn Company LLC;
and Greenstone Ltd., to transfer of their respective following actions to the United States District
Court for the Eastern District of Arkansas:


### Northern District of Georgia

*June Lewallen v. Wyeth, et al.*, C.A. No. 1:04-2980

### Northern District of Mississippi

*Jimmie Ann Lambert v. Wyeth, Inc., et al.*, C.A. No. 1:04-263

### Southern District of Mississippi

*Lesia Turner, etc. v. Wyeth, Inc., et al.*, C.A. No. 2:04-287

### District of Nevada

*Gloria Womack, et al. v. Wyeth, et al.*, C.A. No. 2:04-1592
*Betty Kruger, et al. v. Wyeth, et al.*, C.A. No. 2:04-1593
*Elaine Pierce, et al. v. Wyeth, et al.*, C.A. No. 2:04-1594
*Norma Early, et al. v. Wyeth, et al.*, C.A. No. 2:04-1595
*Ruselle Campbell, et al. v. Wyeth, et al.*, C.A. No. 2:04-1596
*Marlene Russing, et al. v. Wyeth, et al.*, C.A. No. 2:04-1597
*Marion Manausa, et al. v. Wyeth, et al.*, C.A. No. 2:04-1598
*Darlene Auburn, et al. v. Wyeth, et al.*, C.A. No. 2:04-1599

Schedule of Matters for Hearing Session, Section B                         p. 17
Santa Barbara, California


MDL-1507 (Continued)


### District of Nevada (Continued)

*Ruth Albin-Hering, et al. v. Wyeth, et al.*, C.A. No. 2:04-1600
*Dorene Knowles, et al. v. Wyeth, et al.*, C.A. No. 2:04-1601
*June Brooks, et al. v. Wyeth, et al.*, C.A. No. 2:04-1602
*Linda Schecht, et al. v. Wyeth, et al.*, C.A. No. 2:04-1606
*Janice Welsh, et al. v. Wyeth, et al.*, C.A. No. 2:04-1607
*Dolly Tucker, et al. v. Wyeth, et al.*, C.A. No. 2:04-1608
*Valorie Delcontie, et al. v. Wyeth, et al.*, C.A. No. 2:04-1609
*Permentha Pampe, et al. v. Wyeth, et al.*, C.A. No. 2:04-1610
*Nancy Mosner, et al. v. Wyeth, et al.*, C.A. No. 2:04-1611
*Carol Einhorn, et al. v. Wyeth, et al.*, C.A. No. 2:04-1612
*Vesta Woodhouse, et al. v. Wyeth, et al.*, C.A. No. 2:04-1613
*Sally Hellman, et al. v. Wyeth, et al.*, C.A. No. 2:04-1614
*Shirley Wernikove, et al. v. Wyeth, et al.*, C.A. No. 2:04-1615
*Elizabeth Gerbert, et al. v. Wyeth, et al.*, C.A. No. 2:04-1616
*Judy Pivar, et al. v. Wyeth, et al.*, C.A. No. 2:04-1617
*Shyrl Bailey, et al. v. Wyeth, et al.*, C.A. No. 3:04-672
*Linda Baumgardner, et al. v. Wyeth, et al.*, C.A. No. 3:04-673
*Diane Davis, et al. v. Wyeth, et al.*, C.A. No. 3:04-674
*Lorraine Van Brocklin, et al. v. Wyeth, et al.*, C.A. No. 3:04-675
*Carol McCreary, et al. v. Wyeth, et al.*, C.A. No. 3:04-681


Motion of defendant Novo Nordisk Pharmaceuticals, Inc., for remand, pursuant to 28 U.S.C. § 1407(a), of the following action to the United States District Court for the District of Minnesota:


### Eastern District of Arkansas

*Judith Peters, et al. v. Wyeth, et al.* (D. Minnesota, C.A. No. 0:04-4575)

Schedule of Matters for Hearing Session, Section B                    p. 18
Santa Barbara, California


MDL-1529 -- In re Adelphia Communications Corp. Securities & Derivative Litigation (No. II)

Oppositions of plaintiffs AIG DKR Soundshore Holdings, Ltd., and Tele-Media Corporation of Delaware, et al., to transfer of their respective following actions to the United States District Court for the Southern District of New York:

### Northern District of Georgia

*AIG DKR Soundshore Holdings, Ltd. v. Scientific-Atlanta, Inc., et al.,*
    C.A. No. 1:04-3415

### Eastern District of Pennsylvania

*Tele-Media Corp. of Delaware, et al. v. John J. Rigas, et al.,* Bky. Advy. No. 2:04-1052


MDL-1530 -- In re Fleming Companies Inc. Securities & Derivative Litigation

Opposition of plaintiff Twin City Fire Insurance Company to transfer of the following action to the United States District Court for the Eastern District of Texas:

### District of Delaware

*Twin City Fire Insurance Co. v. Fleming Companies, Inc., et al.,*
    Bky. Advy. No. 1:04-55527


MDL-1552 -- In re UnumProvident Corp. Securities, Derivative & "ERISA" Litigation

Opposition of plaintiff Dennis J. Richards to transfer of the following action to the United States District Court for the Eastern District of Tennessee:

### Northern District of Ohio

*Dennis J. Richards v. UNUM Life Insurance Co. of America, et al.,* C.A. No. 4:04-2127

Schedule of Matters for Hearing Session, Section B                                    p. 19
Santa Barbara, California

## MDL-1553 -- In re Silica Products Liability Litigation

Oppositions of defendants General Electric Corporation, Norton Company, and U.S. Silica Company to transfer of the following action to the United States District Court for the Southern District of Texas:

### Northern District of Alabama

*Sidney S. Chancellor, et al. v. Aearo Corp., et al.*, C.A. No. 2:04-3102

## MDL-1595 -- In re Electrical Receptacle Products Liability Litigation

Opposition of plaintiff Robert Everest to transfer of the following action to the United States District Court for the District of South Carolina:

### District of Maine

*Robert Everest v. Leviton Manufacturing Co., Inc.*, C.A. No. 2:04-242

## MDL-1596 -- In re Zyprexa Products Liability Litigation

Oppositions of defendants Dr. Manoocherh Manshadi; Dr. Joe Spath; Ramesh Ghanta, M.D.; Jimmy Hawthorne, M.D.; Gary Patton, M.D.; and Steven Spady, D.O., to transfer of their respective following actions to the United States District Court for the Eastern District of New York:

### Eastern District of Kentucky

*Debra Green v. Eli Lilly & Co., et al.*, C.A. No. 3:04-78
*Barry Berry, et al. v. Eli Lilly & Co., et al.*, C.A. No. 5:04-521
*Cordia Hensley v. Eli Lilly & Co., et al.*, C.A. No. 6:04-576

### Western District of Kentucky

*Stefani Davis, et al. v. Eli Lilly & Co., et al.*, C.A. No. 3:04-594

Schedule of Matters for Hearing Session, Section B                     p. 20
Santa Barbara, California

## MDL-1598 -- In re Ephedra Products Liability Litigation

Oppositions of plaintiffs Aubrey Gerald Crawford; Margaret S. Guyton; Angela Smith; Bobbie Hinson; Sandra Lovelace, et al.; and Vicky Long, et al., to transfer of their respective following actions to the United States District Court for the Southern District of New York:

### Northern District of Georgia

*Aubrey Gerald Crawford v. Metabolife International, Inc., et al.*, C.A. No. 3:04-92

### Northern District of Mississippi

*Margaret S. Guyton v. Nutrition USA, Inc., et al.*, C.A. No. 1:04-324
*Angela Smith v. Nutrition USA, Inc., et al.*, C.A. No. 1:04-325

### Southern District of Mississippi

*Bobbie Hinson v. Nutrition USA, Inc., et al.*, C.A. No. 5:04-274

### Eastern District of Texas

*Sandra Lovelace, et al. v. Body Dynamics, Inc., et al.*, C.A. No. 2:04-157

### District of Wyoming

*Vicky Long, et al. v. National Health Products, Inc., et al.*, C.A. No. 1:04-305

## MDL-1604 -- In re Ocwen Federal Bank FSB Mortgage Servicing Litigation

Oppositions of plaintiffs Delilie Carruthers, et al.; Willowdean Glover; Marvin Ellison, et al.; Louise Morrow; Daisy J. Howard; and Cheryl Dunlap, et al., to transfer of their respective following actions to the United States District Court for the Northern District of Illinois:

### Middle District of Alabama

*Delilie Carruthers, et al. v. Ocwen Federal Bank, FSB, et al.*, C.A. No. 2:04-901
*Willowdean Glover v. Ocwen Federal Bank, FSB, et al.*, C.A. No. 2:04-961

Schedule of Matters for Hearing Session, Section B                                    p. 21
Santa Barbara, California


MDL-1604 (Continued)


### Northern District of Alabama

*Marvin Ellison, et al. v. Ocwen Federal Bank, FSB, et al.*, C.A. No. 2:04-2909
*Louise Morrow v. Ocwen Federal Bank, FSB, et al.*, C.A. No. 7:04-2970

### Southern District of Alabama

*Daisy J. Howard v. Ocwen Federal Bank, FSB, et al.*, Bky. Advy. No. 1:04-1156

### District of Nevada

*Cheryl Dunlap, et al. v. Ocwen Federal Bank, FSB, et al.*, Bky. Advy. No. 2:03-1429


### MDL-1626 -- In re Accutane Products Liability Litigation

Oppositions of defendants Hoffman-LaRoche, Inc., and Roche Laboratories, Inc., to transfer
of their respective following actions to the United States District Court for the Middle District of
Florida:


### Southern District of Texas

*Matthew Gerber v. Hoffman-LaRoche, Inc.*, C.A. No. 4:03-1886

### Eastern District of Wisconsin

*Laurie A. Stupak v. Hoffman La-Roche, Inc., et al.*, C.A. No. 1:03-421

Schedule of Matters for Hearing Session, Section B                           p. 22
Santa Barbara, California

MDL-1629 -- In re Neurontin Marketing and Sales Practices Litigation

Oppositions of plaintiffs Mary Cooper, et al.; Leroy Anderson, et al.; and Linda Barker  to transfer of their respective following actions to the United States District Court for the District of Massachusetts:

Northern District of Mississippi

*Mary Cooper, et al. v. Pfizer, Inc.*, C.A. No. 2:04-255
*Leroy Anderson, et al. v. Pfizer, Inc., et al.*, C.A. No. 4:04-275

Eastern District of Texas

*Linda Barker v. Pfizer, Inc., et al.*, C.A. No. 2:04-309

MDL-1653 -- In re Parmalat Securities Litigation

Opposition of plaintiff Dr. Enrico Bondi to transfer of the following action to the United States District Court for the Southern District of New York:

Western District of North Carolina

*Dr. Enrico Bondi v. Bank of America Corp., et al.*, C.A. No. 1:04-215

PROCEDURES FOR ORAL ARGUMENT BEFORE THE
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

All oral argument is governed by the provisions of Rule 16.1 of the <u>Rules of Procedure of the</u>
<u>Judicial Panel on Multidistrict Litigation</u> (effective April 2, 2001). Rule 16.1(g) allows a
maximum of twenty minutes for oral argument in each matter. In most cases, however, less time
is necessary for the expression of all views and the Panel reserves the prerogative of reducing the
time requested by counsel. Accordingly, counsel should be careful not to overstate the time
requested for oral argument.

The Panel insists that counsel limit all oral argument to the appropriate criteria. <u>See generally In</u>
<u>re "East of the Rockies" Concrete Pipe Antitrust Cases</u>, 302 F. Supp. 244, 255-56 (J.P.M.L.
1969) (concurring opinion) (discussion concerning criteria for transfer).

Rule 16.1 is duplicated in its entirety hereafter for your convenience.

<u>RULE 16.1:</u>    <u>HEARING SESSIONS AND ORAL ARGUMENT</u>

(a)    Hearing sessions of the Panel for the presentation of oral argument and consideration of matters taken under submission without oral argument shall be held as ordered by the Panel. The Panel shall convene whenever and wherever desirable or necessary in the judgment of the Chairman. The Chairman shall determine which matters shall be considered at each hearing session and the Clerk of the Panel shall give notice to counsel for all parties involved in the litigation to be so considered of the time, place and subject matter of such hearing session.

(b)    Each party filing a motion or a response to a motion or order of the Panel under Rules 7.2, 7.3, 7.4 or 7.6 of these Rules may file simultaneously therewith a separate statement limited to one page setting forth reasons why oral argument should, or need not, be heard. Such statements shall be captioned "Reasons Why Oral Argument Should [Need Not] Be Heard," and shall be filed and served in conformity with Rules 5.12 and 5.2 of these Rules.

(c)    No transfer or remand determination regarding any action pending in the district court shall be made by the Panel when any party timely opposes such transfer or remand unless a hearing session has been held for the presentation of oral argument except that the Panel may dispense with oral argument if it determines that:

(i)    the dispositive issue(s) have been authoritatively decided; or
(ii)    the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument.

Unless otherwise ordered by the Panel, all other matters before the Panel, such as a motion for reconsideration, shall be considered and determined upon the basis of the papers filed.

(d)    In those matters in which oral argument is not scheduled by the Panel, counsel shall be promptly advised. If oral argument is scheduled in a matter the Clerk of the Panel may require counsel for all parties who wish to make or to waive oral argument to file and serve notice to that effect within a stated time in conformity with Rules 5.12 and 5.2 of these Rules. Failure to do so shall be deemed a waiver of oral argument by that party. If oral argument is scheduled but not attended by a party, the matter shall not be rescheduled and that party's position shall be treated as submitted for decision by the Panel on the basis of the papers filed.

(e)    Except for leave of the Panel on a showing of good cause, only those parties to actions scheduled for oral argument who have filed a motion or written response to a motion or order shall be permitted to appear before the Panel and present oral argument.

(f)    Counsel for those supporting transfer or remand under Section 1407 and counsel for those opposing such transfer or remand are to confer separately prior to the oral argument for the purpose of organizing their arguments and selecting representatives to present all views without duplication.

(g)    Unless otherwise ordered by the Panel, a maximum of twenty minutes shall be allotted for oral argument in each matter. The time shall be divided equally among those with varying viewpoints. Counsel for the moving party or parties shall generally be heard first.

- 2 -

(h)     So far as practicable and consistent with the purposes of Section 1407, the offering of oral testimony before the Panel shall be avoided.  Accordingly, oral testimony shall not be received except upon notice, motion and order of the Panel expressly providing for it.

(i)     After an action or group of actions has been set for a hearing session, consideration of such action(s) may be continued only by order of the Panel on good cause shown.

# EXHIBIT 4

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| **THOMAS B. DOHERTY, individually and on behalf of all others similarly situated, and ELVIE DOHERTY, individually and on behalf of all others similarly situated,** | Civil No. 04-4880 (MJD/JGL) |
| Plaintiffs, | |
| v. | **O R D E R** |
| **OCWEN FEDERAL BANK, FSB,** | |
| Defendant. | |

### APPEARANCES

Richard Fuller, Esq., for Plaintiffs Thomas B. and Elvie Doherty

Brian Brooks, Kevin Magnuson, and William Henney, Esqs., for Defendant Ocwen Federal Bank, FSB

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Chief Magistrate Judge of District Court on January 31, 2005 on Plaintiffs' Motion to Remand (Doc. No. 3) and Defendant's Motion to Stay Proceedings Pending Decision from Judicial Panel on Multidistrict Litigation (Doc. No. 9). The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

## I.    INTRODUCTION

On April 13, 2004, the Judicial Panel on Multidistrict Litigation ("MDL Panel") transferred six civil actions against Ocwen Federal Bank, FSB, to the United States District Court for the Northern District of Illinois for coordinated or consolidated pretrial proceedings.  See 28 U.S.C. § 1407; (MDL Panel CTO of Jan. 18, 2005.)  All cases have been assigned to the Honorable Charles R. Norgle, Sr., as part of MDL-1604, In re Ocwen Federal Bank FSB Mortgage Servicing Litigation.

Pursuant to Rule of Procedure 7.4 of the Judicial Panel on Multidistrict Litigation, a Conditional Transfer Order ("CTO") was issued for the instant action on January 18, 2005, after the parties had respectively moved to remand and to stay the litigation.  The CTO of January 18 is based on the MDL Panel's determination that "[i]t appears that the action . . . involves questions of fact which are common to the actions previously transferred to the Northern District of Illinois and assigned to Judge Norgle." (CTO of Jan. 18, 2005.)  The CTO becomes effective fifteen days after its issuance, or in this case, February 2, 2005, unless any party files a notice of opposition with the Clerk of the Panel within the fifteen day period.  If an objection is filed, the transfer is stayed pending further order of the MDL Panel.  Fed. R. Multi-Dist. Lit. P. 7.1(c).

As of the date of the hearing, no party to the action at bar had filed a notice of objection to the CTO.  However, Plaintiffs voiced objection to the transfer while urging this Court to remand their action to the state courts of Minnesota.

## II.    DISCUSSION

Presently before the Court are both Defendant's Motion to Stay these proceedings pending action by the MDL Panel and Plaintiffs' Motion to Remand the action to state court on grounds that this Court lacks subject matter jurisdiction.  While recognizing that subject matter jurisdiction is a threshold issue to be decided before any other, <u>Duke Power Co. v. Carolina Environmental Study Group, Inc.</u>, 438 U.S. 59, 68 (1978), this Court declines to decide any threshold issues in this matter.

Given the unique circumstances of this case, this Court finds that it should not now determine the power of a federal district court to hear the instant suit.  Rather, this Court will defer issuing a recommendation on subject matter jurisdiction until such time as the MDL Panel has determined whether the suit should, at this stage, be included as part of MDL-1604 in the Northern District of Illinois.  If indeed the MDL Panel finally determines that this suit is properly transferred and consolidated as part of MDL-1604, the Honorable Judge Norgle will hear Plaintiffs' arguments for remand rather than

-3-

this Court.  If, however, the MDL Panel concludes after objection that, as

Plaintiffs contend, their suit is so unique as to not fall within the parameters

of the MDL suit against Defendant, this Court shall enter a Report and

Recommendation addressing the merits of Plaintiffs' Motion to Remand.

Federal Rule of Civil Procedure 26(c) governs entry of protective

orders, and allows a court where "good cause" is shown to "make any order

which justice requires to protect a party or person from annoyance,

embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P.

26(c); see also Smith v. Dowson, 158 F.R.D. 138, 140 (D. Minn. 1994).  Courts

also have the inherent power to stay proceedings of an action to control the

docket, conserve judicial resources, and provide for the just determination of

pending cases.  Landis v. North Am. Co., 299 U.S. 248, 254-55 (1936); Lunde

v. Helms, 898 F.2d 1343, 1345 (8th Cir. 1990); Kemp v. Tyson Seafood Group,

Inc., 19 F. Supp. 2d 961, 964 (D. Minn. 1998).  In light of this case's particular

circumstances, the Court in its discretion grants Defendant's Motion for a

brief stay until such time as the MDL Panel has concluded whether the CTO

issued in this matter shall become final.


Based upon all the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED**:

(1)    Defendant's Motion to Stay Proceedings Pending Decision

from Judicial Panel on Multidistrict Litigation (Doc. No. 9) is **GRANTED**;

(2)    All pending motions in this matter, including Plaintiffs'

Motion to Remand (Doc. No. 3), are stayed until such time as the Multidistrict

Litigation Panel issues a final judgment regarding transfer of the above-

entitled matter into MDL-1604, In re Ocwen Federal Bank FSB Mortgage

Servicing Litigation.


Dated: February 2, 2005          s/ Jonathan Lebedoff
                                 JONATHAN LEBEDOFF
                                 Chief United States Magistrate Judge

-5-

# EXHIBIT 5



FILED
CLERK, U.S. DISTRICT COURT

MAR 31 2004

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

SCANNED

ENTERED
CLERK, U.S. DISTRICT COURT

APR - 1 2004

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Allie M. Maddox and              )    CV 03-9515 RSWL (PJWx)
Jerry W. Maddox, suing           )
individually and on              )    **ORDER GRANTING MOTION**
behalf of all others             )    **TO STAY PROCEEDINGS**
similarly situated and           )    **PENDING HEARING ON**
on behalf of the general         )    **MOTION FOR MDL**
public,                          )    **TRANSFER**
                                 )
        Plaintiffs,              )
                                 )
    v.                           )
                                 )
OCWEN FEDERAL BANK, FSB          )
and DOES 1 through 50,           )
inclusive,                       )
                                 )
        Defendants.              )
_____)


     On March 29, 2004, this Court heard Defendant Ocwen

Federal Bank, FSB's Motion to Stay Proceedings Pending

Hearing on Motion for MDL Transfer.  The Court has

considered all papers and argument submitted.

1

22

1    This Court finds that proceeding with this case at the
2 current time would risk inefficient use of court resources.
3 Although Defendant would suffer little hardship if the case
4 proceeded, staying the case is in the interest of judicial
5 economy.  This interest in judicial economy strongly
6 outweighs any potential prejudice to Plaintiff resulting
7 from the stay.  The MDL panel should rule within the month
8 and Plaintiffs have no guarantee that they could proceed
9 with discovery here in that time.  Therefore, this Court
10 **GRANTS** Defendant's motion to stay this case while the MDL
11 transfer motion is pending.
12 **IT IS SO ORDERED.**

RONALD S.W. LEW

13

14                    RONALD S.W. LEW
                    United States District Judge

15

DATED: 3-30-04

16

17

18 (Order/MaddoxStayOrder.wpd/z)

19

20

21

22

23

24

25

26

2