UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                           )
VINCENT FAGAN and ANTHONY                  )
GIANASCA, Individually and as Putative Class )
Representatives,                           )
                                           )
            Plaintiffs,                    )
                                           )
      v.                                   )
                                           )  Civil Action No. 05-10119 DPW
HONEYWELL INTERNATIONAL INC.,              )
                                           )
            Defendant.                     )
_____)

## JOINT STATEMENT PURSUANT TO LOCAL RULE 16.1(D)

The parties to the above-captioned action submit the following joint statement pursuant to Local Rule 16.1(D).

**I.      DISCOVERY SCHEDULE**

The parties have met and conferred as required under Fed. R. Civ. P. 26(f), and state as follow:

   **1.   Discovery Plan:**

   (a)   Fed. R. Civ. P. 30(a)(2)(A) limiting the number of depositions to ten is waived.

   (b)   Fed. R. Civ. P. 30(d)(2) limiting the duration of a deposition to one day of seven hours is NOT waived or modified.

   (c)   The parties are unable to agree on the number of interrogatories. Plaintiff wishes to waive Fed. R. Civ. P. 33 limiting the number of interrogatories to 25 per party and Defendant does NOT waive the Fed. R. Civ. P. 33 limitation on the number of interrogatories.

   (d)   The parties are unable to agree on a discovery plan.

DC1:621250.4

Defendant intends to seek bifurcation of discovery related to class certification issues from that related to the merits of Plaintiffs' substantive claims.  Consistent with the Manual For Complex Litigation and numerous federal court decisions, Defendant believes that bifurcation of discovery is warranted in cases such as this one, where the scope and usefulness of merits discovery largely turns on whether the proposed class is certified.  *See* Manual for Complex Litigation, 3d § 30.12 (1995) ("[b]ifurcating class and merits discovery can at times be more efficient and economical (particularly when the merits discovery would not be used if certification were denied); *see also Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1571 (11th Cir. 1992) ("[t]o make early class determination practicable and to best serve the ends of fairness and efficiency, courts may allow classwide discovery on the certification issue and postpone classwide discovery on the merits.").  Defendant thus proposes a schedule in which the initial stages of the litigation are devoted to class certification and a determination of whether Plaintiffs' claims can be properly certified as a class.  In crafting this schedule, Defendant acknowledges that Judge Alsup in this case's parallel California action, *Brock, et al. v. Honeywell International, Inc.*, Case No. C 04-5328 (N.D. Cal. March 16, 2005), has already entered an initial case management schedule (attached as Exhibit A).  While Defendant believes that the six pending actions should and will be consolidated, until that occurs and the MDL Panel rules on Defendant's motion for transfer and consolidation under 28 U.S.C. § 1407, Defendant makes the following proposal set forth below.

Defendant's schedule attempts to ensure that class certification is dealt with in an expeditious manner, while still providing the parties with sufficient time to address the complexities – including the possible need for third-party discovery – of the class certification issues implicated in this matter.

    Plaintiffs' Class Certification Discovery Cut-Off:    August 1, 2005

    Plaintiffs' Motion for Class Certification
    & Any Expert Report in Support:    August 15, 2005

    Defendant's Class Certification Discovery Cut-Off:    December 1, 2005

    Defendant's Opposition to Plaintiffs' Motion for
    Class Certification & Any Expert Report in Support:    December 15, 2005

    Plaintiffs' Reply in Support of Motion for
    Class Certification:    January 16, 2006

After a hearing is held and a determination on class certification is made, the parties can further meet and confer to determine the course of merits discovery and a schedule for dispositive motions and trial. Given the impact that the class certification decision will have on the course of this litigation, Defendant believes that it is premature to set deadlines for the conclusion of merits discovery, the filing of motions for summary judgment, and the commencement of trial. However, to the extent it is necessary to propose a schedule at this time, Defendant makes the following proposal:

    Plaintiffs' Expert Report in Support of Liability:    July 14, 2006

    Defendant's Rebuttal Report:    December 14, 2006

    Merits & Expert Discovery Cut-off:    February 15, 2007

    Motions Cut-off:    September 14, 2007

Plaintiffs oppose such bifurcated discovery and Defendant's proposed schedule. Plaintiffs believe that there is no bright line between merits and class discovery in this matter and that bifurcation may result in duplication and unnecessary disputes between the parties over the scope of discovery. Plaintiffs bring to the Court's attention, the civil pretrial minutes from the action entitled, *Brock, et al. v. Honeywell International, Inc.*, Case No. C 04-5328 (N.D. Cal.

March 16, 2005) (attached as Exhibit B).  In *Brock*, the Court chose not to bifurcate and instead set a discovery cutoff of November 25, 2005.

Plaintiffs believe that it would be more efficient and economical for the parties to coordinate discovery in this action with the *Brock* action.  Plaintiffs therefore propose the following schedule which is similar in nature to the *Brock* schedule:

| | |
|---|---|
| Plaintiffs' Motion for Class Certification: | November 15, 2005 |
| Defendant's Opposition to Motion for Class Certification: | December 15, 2005 |
| Plaintiffs' Reply to Opposition to Motion for Class Certification: | January 5, 2006 |
| Hearing on Class Certification: | January [  ], 2006 |
| Discovery cut-off: | March 15, 2006 |
| Designation of Experts: | March 15, 2006 |
| Rebuttal Expert & Reports: | March 29, 2006 |
| Expert Discovery cut-off: | April 12, 2006 |
| Motions Cut-off: | May 3, 2006 |
| Motions Briefing close: | July 12, 2006 |
| Motions Hearing: | August [__], 2006 |

## TRIAL SCHEDULE

2.  **The Parties Request A Trial Date As Follows:**

Plaintiffs request a trial date of approximately September 18, 2006.

Defendant believes that the setting of a trial date should be delayed until after the issue of class certification has been adjudicated.  In the alternative, however, Defendant proposes a trial date of approximately December 4, 2007.

**3.    The Parties Expect That The Trial Will Last For The Following Number of Days:**

Plaintiffs believe that trial will take 20-25 days (including *in limine* motions and jury selection).

Defendant believes that it is premature to speculate about trial length at this time, but expects that any trial in this proceeding would require period of at least 40-50 days to complete, including motions *in limine* and jury selection.

**II.    MAGISTRATE JUDGE**

The parties do not consent to have this case referred to a magistrate judge.

**III.    CERTIFICATIONS**

The required certifications are attached hereto at Exhibit C or will be submitted to the Court at the time of the scheduling conference.

Dated:  April 22, 2005        Respectfully submitted,

HONEYWELL INTERNATIONAL INC.,
By its attorneys,

/s/ William Kettlewell_____
William Kettlewell (BBO # 270320)
David M. Osborne  (BBO # 564840)
DWYER & COLLORA, LLP
Federal Reserve Plaza
600 Atlantic Avenue, 12th Floor
Boston, MA  02210
(617) 371-1000

Richard G. Parker
Ian Simmons
Benjamin G. Bradshaw
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006-4001
(202) 383-5300

*Attorneys for Defendant*
*Honeywell International Inc.*

Dated: April 22, 2005

Robert J. Bonsignore (BBO # 547880)
Daniel D'Angelo (BBO # 630321)
BONSIGNORE AND BREWER
23 Forest Street
Medford, MA 02155
Tel: (781) 391-9400
Fax: (781) 391-9496


By: /s/ Robert J. Bonsignore
       Robert J. Bonsignore (BBO # 547880)

*Attorneys for Plaintiffs*

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BRIAN BROCK, On Behalf of Himself and
All Others Similarly Situated,

    Plaintiffs,

v.

HONEYWELL INTERNATIONAL, INC., and
DOES 1–100, inclusive,

    Defendants.

No. C 04-05328 WHA

**CASE MANAGEMENT ORDER**

After a case management conference, the Court enters the following order pursuant to Rule 16 of the Federal Rules of Civil Procedure ("FRCP") and Civil Local Rule 16-10:

1. All initial disclosures under FRCP 26 must be completed by **MARCH 24, 2005**, on pain of preclusion under FRCP 37(c).

2. Leave to add any new parties or pleading amendments must be sought by **MARCH 24, 2005**.

3. The status conference set for **APRIL 21, 2005** at **11:00 A.M.** will go forward as scheduled.

4. The motion for class certification must be filed by **JULY 14, 2005**, to be heard on **SEPTEMBER 8, 2005**, at **8:00 A.M.** Discovery may be immediately directed at class certification issues but will not be limited to those issues. Please follow the briefing schedule agreed to at the conference.

5. The non-expert discovery cut-off date shall be **NOVEMBER 25, 2005**.

6. The last date for designation of expert testimony and disclosure of full expert reports under FRCP 26(a)(2) as to any issue on which a party has the burden of proof ("opening reports") shall be **NOVEMBER 25, 2005**. Within **FOURTEEN CALENDAR DAYS** thereafter, all other parties may disclose responsive expert testimony with full expert reports responsive to opening reports ("opposition reports"). Within **SEVEN CALENDAR DAYS** thereafter, the opening parties may disclose any reply reports limited solely to rebutting specific material in opposition reports. Reply reports must be limited to true rebuttal and should be very brief. They should not add new material that should have been placed in the opening report. The cutoff for all expert discovery shall be **FOURTEEN CALENDAR DAYS** after the deadline for reply reports. In aid of preparing an opposition or reply report, a responding party may depose the adverse expert sufficiently before the deadline for the opposition or reply report so as to use the testimony in preparing the response. Experts must make themselves readily available for such depositions. Alternatively, the responding party can elect to depose the expert later in the expert-discovery period. An expert, however, may be deposed only once unless the expert is used for different opening and/or opposition reports, in which case the expert may be deposed independently on the subject matter of each report. At least **28 CALENDAR DAYS** before the due date for opening reports, each party shall serve a list of issues on which it will offer any expert testimony in its case-in-chief (including from non-retained experts). This is so that all parties will be timely able to obtain counter-experts on the listed issues and to facilitate the timely completeness of all expert reports. Failure to so disclose may result in preclusion.

7. As to damages studies, the cut-off date for *past damages* will be as of the expert report (or such earlier date as the expert may select). In addition, the experts may try to project *future damages* (*i.e.*, after the cut-off date) if the substantive standards for future damages can be met. With timely leave of Court or by written stipulation, the

experts may update their reports (with supplemental reports) to a date closer to the time of trial.

8. At trial, the direct testimony of experts will be limited to the matters disclosed in their reports. Omitted material may not ordinarily be added on direct examination. This means the reports must be complete and sufficiently detailed. Illustrative animations, diagrams, charts and models may be used on direct examination only if they were part of the expert's report, with the exception of simple drawings and tabulations that plainly illustrate what is already in the report, which can be drawn by the witness at trial or otherwise shown to the jury. If cross-examination fairly opens the door, however, an expert may go beyond the written report on cross-examination and/or redirect examination. By written stipulation, of course, all sides may relax these requirements.

9. To head off a recurring problem, experts lacking percipient knowledge should avoid vouching for the credibility of witnesses, *i.e.*, whose version of the facts in dispute is correct. This means that they may not, for example, testify that based upon a review of fact depositions and other material supplied by counsel, a police officer did (or did not) violate standards. Rather, the expert should be asked for his or her opinion based — explicitly — upon an assumed fact scenario. This will make clear that the witness is not attempting to make credibility and fact findings and thereby to invade the province of the jury. Of course, a qualified expert can testify to relevant customs, usages, practices, recognized standards of conduct, and other specialized matters beyond the ken of a lay jury. This subject is addressed further in the trial guidelines referenced in paragraph 16 below.

10. The last date to file dispositive motions shall be **JANUARY 12, 2006**. No dispositive motions shall be heard more than 35 days *after* this deadline, *i.e.*, if any party waits until the last day to file, then the parties must adhere to the 35-day track in order to avoid pressure on the trial date.

11. The **FINAL PRETRIAL CONFERENCE** shall be at **2:00 P.M.** on **MARCH 20, 2006**. For the form of submissions for the final pretrial conference and trial, please see paragraph 15 below.

12. A **JURY TRIAL** shall begin on **APRIL 3, 2006**, at **7:30 A.M.**, in Courtroom 9, 19th Floor, 450 Golden Gate Avenue, San Francisco, California, 94102. The trial schedule and time limits shall be set at the final pretrial conference. Although almost all trials proceed on the date scheduled, it may be necessary on occasion for a case to trail, meaning the trial may commence a few days or even a few weeks after the date stated above, due to calendar congestion and the need to give priority to criminal trials. Counsel and the parties should plan accordingly, including advising witnesses.

13. Counsel may not stipulate around the foregoing dates without Court approval.

14. While the Court encourages the parties to engage in settlement discussions, please do not ask for any extensions on the ground of settlement discussions or on the ground that the parties experienced delays in scheduling settlement conferences, mediation or ENE. The parties should proceed to prepare their cases for trial. No continuance (even if stipulated) shall be granted on the ground of incomplete preparation without competent and detailed declarations setting forth good cause.

15. To avoid any misunderstanding with respect to the final pretrial conference and trial, the Court wishes to emphasize that all filings and appearances must be made — on pain of dismissal, default or other sanction — unless and until a dismissal fully resolving the case is received. It will not be enough to inform the clerk that a settlement in principle has been reached or to lodge a partially executed settlement agreement or to lodge a fully executed agreement (or dismissal) that resolves less than the entire case. Where, however, a fully-executed settlement agreement clearly and fully disposing of the entire case is lodged reasonably in advance of the pretrial conference or trial and only a ministerial act remains, the Court will arrange a telephone conference to work out an alternate procedure pending a formal dismissal.

16. If you have not already done so, please read and follow the "Standing Order for Civil Cases Assigned to the Honorable William Alsup" and other orders issued by the Clerk's office when this action was commenced. Among other things, the "Standing Order" explains when submissions are to go to the Clerk's Office (the general rule) versus when submissions may go directly to chambers (rarely). With respect to the final pretrial conference and trial, please read and follow the "Guidelines For Trial and Final Pretrial Conference in Civil Jury Cases Before The Honorable William Alsup." All orders and guidelines referenced in the paragraph are available on the district court's website at http://www.cand.uscourts.gov. The website also includes other guidelines for attorney's fees motions and the necessary form of attorney time records for cases before Judge Alsup. If you do not have access to the Internet, you may contact Deputy Clerk Dawn K. Toland at (415) 522-2020 to learn how to pick up a hard copy.

17. All pretrial disclosures under FRCP 26(a)(3) and objections required by FRCP 26(a)(3) must be made on the schedule established by said rule.

**IT IS SO ORDERED.**

Dated: March 17, 2005.

                                                   s/ WILLIAM ALSUP
                                                 WILLIAM ALSUP
                                                 UNITED STATES DISTRICT JUDGE

# EXHIBIT B

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

CIVIL PRETRIAL MINUTES

Date: March 16, 2005

Case No.  C 04-05328 WHA                Judge:  WILLIAM H. ALSUP

Title: BRIAN BROCK  v. HONEYWELL INT'L

Attorneys: Daniel Mogin                 Ian Simmons

Deputy Clerk:  Dawn Toland              Court Reporter: Catherine Luciano

PROCEEDINGS

1)  CMC - HELD

2)  _____

Supplement Initial Disclosures: 3/24/04

Discovery Cutoff: 11/25/05

Designation of Experts: 11/25/05

Rebuttal Expert & Reports: 14 days after designation of experts

Expert Discovery Cutoff: 14 days after rebuttal expert & reports

Last Day to File Motion: 1/12/05

Continued to 4/21/05 at 11:00am for Further Case Management Conference

Continued to 3/20/06 at 2:00pm for Pretrial Conference

Continued to 4/3/06 at 7:30am for Jury Trial

**ORDERED AFTER HEARING:**   Motion for class certification shall be filed by 7/14/05 and noticed for hearing on 9/8/05; opposition is due in 3 weeks; and the reply is due in 2 weeks.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VINCENT FAGAN and ANTHONY GIANASCA, )<br>Individually and as Putative Class Representatives )<br>)<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>HONEYWELL INTERNATIONAL INC. )<br>)<br>Defendant. )<br>) | Civil Action No. 05-10119 DPW |

**PLAINTIFF ANTHONY GIANASCA'S RULE 16.1 CERTIFICATION**

Anthony Gianasca hereby confirms that he has conferred with counsel:

(a) with a view to establishing a budget for the costs of conducting the full course – and various alternative courses – of the litigation; and

(b) to consider the resolution of the litigation through the uses of alternative dispute resolution programs such as those outlined in LR 16.4.

_____
Anthony Gianasca

_____
Robert J. Bonsignore, BBO# 547880
BONSIGNORE & BREWER
23 Forest Street
Medford, MA 02155
Tel: (781) 391-9400
Fax: (781) 391-9496

Dated: April 22, 2005

1